## THE PEOPLE *v.* CARL SHABER.

INDICTMENT FOR BURGLARIOUSLY BREAKING INTO HOUSE. — An indictment for burglariously breaking and entering a house in the nighttime, with intent to commit larceny, is good if it charge the breaking and entering with intent to commit larceny, without charging whose goods the defendant intended to steal, or that there were any goods in the house which the defendant could steal.

CRIME OF BURGLARIOUSLY ENTERING HOUSE.—The crime of burglariously breaking and entering a house with intent to commit a larceny, is complete if the fact is found that the defendant broke into and entered for that purpose, even if there are no goods in the house of which a larceny could be committed.

APPEAL from the County Court, City and County of San Francisco.

The indictment charged that the defendant, " on the twelfth day of August, A. D. 1866, at the city, county, and State aforesaid, about the hour of twelve of the clock, M., of the nighttime of the same day, with force and arms, the house,

room, apartment, and tenement of one Jacob G. Jackson and William E. Wood, doing business under the name and style of J. G. Jackson & Co., then situate, feloniously and burglariously did break and enter with intent then in said house, room, apartment, and tenement, to commit larceny, contrary to the form and effect of the statute in such case made and provided," * * * The defendant appealed.

The other facts are stated in the opinion of the Court.

*George W. Tyler,* for Appellant.

At common law it was necessary that the breaking and entering should be with intent to commit felony. Our statute only declares the common law. If the indictment had charged that defendant broke and entered, with intent to steal the personal property of Jackson & Co., then being therein, the Court could have seen, from the facts alleged, that it was defendant's intent to commit larceny. (*Regina* v. *Lawes,* 1 Car. and Kir. 62 ; *Regina* v. *Clarke,* Id. 422.) It is not sufficient to allege assault with intent to commit murder, or rape, etc., for they are conclusions of law to be drawn from certain facts stated. (*Rex* v. *Jenks,* 2 Leach C. C. 774 ; 2 East P. C. 514 ; Wilmot, Law of Burglary, 217.)

*J. G. McCullough, Attorney-General,* for the People.

Under our statute it would have been error to set forth a larceny committed, as two offences would have been united in the same indictment. (*People* v. *Garnett,* 29 Cal. 519.) Section fifty-eight of the Criminal Practice Act was amended in 1858 to meet the decision of *People* v. *Murray,* 8 Cal. 519. Probably, at common law, the allegations of this indictment would have been insufficient, yet it is difficult to say how specific the allegations were required to be. (2 Bishop's Crim. Pro., Sec. 113 ; *People* v. *Ah Ye,* 31 Cal. 451.) I claim that, under the provisions of our Practice Act and the decisions of this Court, this indictment must be sustained.

By the Court, SHAFTER, J.:

The appellant was indicted for feloniously and burglariously breaking and entering in the nighttime a certain house (describing it) " with intent to commit larceny." On conviction, the defendant moved in arrest of judgment on the ground that the indictment did not state whose property the defendant intended to steal, nor that he intended to feloniously steal, take and carry away any property then being in the house entered.

The indictment charges the offense in the very terms used in defining it in the fifty-eighth section of the Crimes Act, as amended in 1858, (Acts 1858, p. 206,) and with all the particularity required by the two hundred and thirty-fifth section of the Criminal Practice Act. The case cannot be distinguished from 6 Cal. 487 ; 7 Cal. 403 ; 10 Cal. 309 ; 14 Cal. 30 ; *People* v. *Garcia*, 25 Cal. 533 ; *People* v. *King*, 27 Cal. 510 ; *Regina* v. *Lawes*, 1 Car. and Kir. 62 ; *Regina* v. *Clarke*, 1 Car. and Kir. 422–3. As a larceny actually committed is not made an element in the offense, it cannot be needful to allege one, either generally or by an averment of the facts entering into and constituting its definition. And as a forcible entry, etc., with a larcenous intent is all that is made essential to the crime, we consider that a conviction would be due even though it should appear that there were no goods in the building at the time the entry was made. The forcible entry and the intent being found or given, the crime would be complete even though it should turn out that, contrary to the calculations of the burglar, the building was empty. The sting of the crime is, in short, the guilty purpose, without reference to the possibility of accomplishing it, in any given instance.

The judgment is affirmed.

SANDERSON, J., dissenting :

I am of the opinion that the indictment is not sufficient because it does not describe the intent with which the " breaking and entering " was effected.  It is not sufficient, in indictments for burglary, to allege the intent to be " to commit larceny," or " to commit rape," or " to commit murder," as the case may be, and there stop.  The offense intended must be described, or, in other words, the acts which the defendant intended to commit, after having effected an entrance into the building, must be described for the purpose of showing what the intent was.  This is but a familiar principle in every system of pleading, either civil or criminal.  The facts are to be stated, to the exclusion of conclusions of law to be drawn therefrom.  Where an intent to commit an offense is to be charged there is as much necessity for describing the offense intended as there is where the commission of the offense is charged directly.  It is not for the pleader to say whether the acts intended amount to larceny, rape or murder, but for the Court, and the acts, therefore, which constitute the one or the other must be alleged.  If it would be insufficient in an indictment to allege that the defendant at a certain time and place committed larceny, it is for the same reason insufficient to so allege when it is proposed to charge him with an intent to commit the offense.  The averment is no more a conclusion of law in the former than in the latter case.  The acts constituting the offense, whether it was in fact committed or was intended to be committed, must be stated, and that, too, for the same reason.  In my judgment an intent to do an impossible act is not criminal, and hence the facts, showing the intent to have been possible, should be stated.

I think the judgment should be reversed.