[No. 491.  Decided December 12, 1892.]

## THE STATE OF WASHINGTON, *Respondent*, v. OTTO ANDERSON, *Appellant*.

CRIMINAL LAW — INFORMATION — UNNECESSARY ALLEGATIONS —
BURGLARY — INTENT — PRESUMPTION.

In the prosecution of a defendant by information for a criminal offense, it is not necessary that the information should allege that there was no grand jury in session, and that defendant had been committed on said charge by a magistrate, although such facts must exist in order to authorize the filing of an information.

Section 47, Penal Code, providing that the presumption of burglarious intent should follow proof of unlawful entry, does not contravene any constitutional right given to one accused of crime.

*Appeal from Superior Court, King County.*

*Arthur E. Griffin*, for appellant.

*John F. Miller*, Prosecuting Attorney, *James A. Haight*, and *A. G. McBride*, for The State.

The opinion of the court was delivered by

HOYT, J. — Defendant was convicted of the crime of burglary, and from the sentence therefor prosecutes this appeal. Two errors are assigned, the first of which raises the question of the sufficiency of the evidence to sustain the verdict, and the second the sufficiency of the information. The ground upon which the information is attacked is, that it does not affirmatively appear upon the face thereof that there was no grand jury in session, nor that the defendant had been committed by a magistrate on said charge. Neither of these objections can avail appellant. It is true that certain facts must exist before the prosecuting attorney gets jurisdiction of the case in such a manner as to be authorized to file an information against the defendant, but the statute nowhere makes it necessary that the existence or non-existence of such facts should be made to appear upon the face of the information.

As to the first objection above stated it is claimed that there was no sufficient proof that the defendant entered the building in question for the purpose of committing a crime. We are satisfied from the proofs that the defendant unlawfully entered said building, and if the provisions of § 47, Penal Code, can be sustained, the jury were justified in presuming the criminal intent from the fact of such unlawful entry. Beside, we think there was direct testimony tending to show that such entry was for the purpose of committing petit larceny. The proof showed not only that the building had been unlawfully entered, but that the appellant with another person was actively engaged in ransacking a trunk found therein, and was putting aside certain articles of value found in said trunk, with the evident intention of taking them away. For this reason we do not think that we should disturb this verdict, even although we should come to the conclusion that the presumption provided for in the section above referred to could not be

drawn from the fact of unlawful entry.   We see no reason, however, for holding that the legislature exceeded its power in providing that the presumption of criminal intent should follow the proof of unlawful entry as provided in said section.   The presumption provided for is not a conclusive one, and even without the aid of such legislation the jury would be justified in finding a criminal intent from the fact of the unlawful entry, if under all the circumstances surrounding the case such a presumption would be a reasonable one.   It is the constitutional right of defendant to demand proof of his guilt before he shall be convicted of a crime, but it does not follow from such fact that it is beyond the power of the legislature to provide that a certain presumption may follow from the establishment of a fact, from which such presumption may follow as a reasonable conclusion.

We find no error in the record, and the judgment and sentence must be affirmed.

STILES, DUNBAR and SCOTT, JJ., concur.

ANDERS, C. J., concurs in the result.