THE STATE OF WASHINGTON, *Respondent*, v. FRANK WIL-
SON, *Appellant*.

BURGLARY — SUFFICIENCY OF INFORMATION — REPEAL OF STAT-
UTE — CONTINUANCE.

An information for burglary, which charges the unlawful and
burglarious entry of a dwelling house with intent to commit a fel-
ony therein, is sufficient. (*Linbeck v. State*, 1 Wash. 336, and *State
v. Anderson*, 5 Wash. 350, followed.)

Sec. 828, Code 1881, providing that where a person shall have un-
lawfully entered a building as described in § 827, he shall be deemed
to have made such entry or breaking with intent to commit a mis-
demeanor or felony, unless such entry or breaking shall be ex-
plained, cannot be interpreted as a proviso to § 827, which defines
the crime of burglary; and, consequently, the amendment of § 827,
by enlarging its scope so as to include additional structures as sub-
ject to burglary, will not work a repeal of § 828.

The refusal of the court to grant a continuance in a criminal
prosecution, on account of the absence of witnesses, is not an abuse
of discretion, when the only showing therefor is the general allega-
tion that defendant could prove an alibi by said witnesses, and that
said witnesses were in the jurisdiction of the court, but their
whereabouts could not be ascertained by defendant, although his
counsel had made unceasing efforts to ascertain their location.

*Appeal from Superior Court, King County.*

*George D. Farwell*, for appellant.

*John F. Miller*, Prosecuting Attorney, *A. G. McBride*,
and *James A. Haight*, for The State.

The opinion of the court was delivered by

DUNBAR, C. J.—The prosecution in this action was com-
menced by information.   Upon the trial of the case the
appellant was found guilty and sentenced to eight years
imprisonment in the state penitentiary.   The sufficiency
of the information was objected to by motion to quash, by

demurrer and by motion in arrest of judgment. The charging part of the information is as follows:

"He, the said Frank Wilson, in the county of King, State of Washington, on the 7th day of December, 1892, in the night time of the said day, the dwelling house of one Christian Everson in said county situate, unlawfully, wilfully, feloniously and burglariously did enter with intent then and there to commit a felony therein."

The sufficiency of this information was directly passed upon by this court in *Linbeck v. State*, 1 Wash. 336 (25 Pac. 452). After reciting the law describing burglary, the court said:

"And by virtue of its provisions the prosecution is no longer compelled to prove with what intent the defendant enters, but on the contrary, the unlawful entering having been proved, the intent to commit a crime or misdemeanor is presumed; and this being so, we are unable to see how the accuracy required before such section was enacted can now aid the defendant. The burden of showing the intent with which he entered is, by said section, cast upon him, and he can show such an intent to have been an innocent one as well without the details as to his specific intent as with it. Aided by the section above quoted, the information was sufficient."

In view of this decision, direct and positive as it was, it would seem that this court should not be again called upon to pass upon the sufficiency of an indictment in this particular. Any arguments as to the propriety of the law should be addressed to the legislative department of the government and not to this court. And the constitutionality of this same statute was as directly passed upon by this court in *State v. Anderson*, 5 Wash. 350 (31 Pac. 969), where the court said:

"We see no reason, however, for holding that the legislature exceeded its power in providing that the presumption of criminal intent should follow the proof of unlawful entry as provided in said section. The presumption pro-

vided for is not a conclusive one, and even without the aid of such legislation the jury would be justified in finding a criminal intent from the fact of the unlawful entry, if under all the circumstances surrounding the case such a presumption would be a reasonable one.  It is the constitutional right of defendant to demand proof of his guilt before he shall be convicted of a crime, but it does not follow from such fact that it is beyond the power of the legislature to provide that a certain presumption may follow from the establishment of a fact, from which such presumption may follow as a reasonable conclusion.''

But it is also urged by the appellant in this case that § 828, Code 1881, which casts the burden of proving the innocence of the entry upon the defendant, has been repealed by the amendment of § 827, Laws 1887–8, p. 14. The argument is that § 828 of the Code is but a proviso of § 827, and that by the amendment of § 827 by the legislature in 1888, the proviso was repealed with the original section so amended.

But an inspection of the respective sections, 827 and 828, of the Code shows that 828 is in no sense a proviso to 827.  A proviso, as we understand it, is either a limitation or an addition to the provisions of a section; and here § 827 defines the crime of burglary, and § 828 simply provides a rule of evidence, by stating that where a person shall have unlawfully entered as described in the preceding section, he shall be deemed to have made such entry or breaking with intent to commit a misdemeanor or felony, unless such entry or breaking shall be explained.  It can in no sense be considered a proviso to the preceding section.  Neither do we think there is merit in the contention of the appellant that § 827 was repealed by the amendatory act of 1887–8, by reason of the latter act being a revisory act concerning the offense of burglary.  There was no attempt by the legislature in 1888 to revise the act concerning the offense of burglary, but it was simply an enlarge-

ment of the statute concerning burglary, and made the entry into certain buildings and structures burglary which was not burglary before. Its only effect was to amend what it purported to amend, viz., § 827 of the Code, and had no effect whatever on the balance of the chapter or upon the succeeding sections.

The next contention of the appellant is, that the court abused its discretion in not granting a continuance upon the showing made. An examination of the affidavit in support of defendant's motion for a continuance convinces us that it was not sufficient to warrant the court in granting a continuance; or, at all events, it is not sufficient to satisfy us that the court, who was familiar with all the circumstances concerning the case, abused its discretion in refusing to grant the continuance. The allegation that defendant would prove an alibi by said witnesses is not a sufficient statement, it seems to us, of what he intended to prove by the witnesses. It is not a statement of a fact, but a conclusion of law. To have put the state into complete possession of the facts which he expected to prove by the absent witnesses, he should have stated the place where he could have proven the defendant to be at the time of the execution of the crime. And, again, the statement that the witnesses were somewhere within the State of Washington and the jurisdiction of the court, and that their whereabouts could not be ascertained by the defendant, is so manifestly contradictory that it amounts to nothing; for, if the whereabouts of the witnesses was not known to, or could not be ascertained by, the defendant, it must clearly appear that the defendant would not be in a position to state that they were within the State of Washington and the jurisdiction of the court. Again, the statement that defendant's counsel had, since the cause was set for trial, made unceasing efforts to ascertain the whereabouts of said witnesses, is purely hearsay. The application shows that

the defendant was confined in jail, and whether or not his counsel had made unceasing efforts, or any efforts, to ascertain the whereabouts of the witnesses defendant would have no means of knowing. If such was the case the affidavit of counsel should have been brought to bear to sustain defendant's application, for the assertions of the defendant in that respect can amount to nothing.

We have examined the other errors alleged by the appellant, but find that there was no substantial error committed on the trial by the court. The judgment will, therefore, be affirmed.

ANDERS, HOYT, SCOTT and STILES, JJ., concur.