[No. 3888.    Decided June 27, 1901.]

## W. C. SIVYER *et al., Respondents,* v. JAY LAWYER *et al., Appellants.*

ORDERS MADE BY COURT — POWER OF CORRECTION.

Where a demurrer setting up two grounds of objection to a complaint was sustained by the judge without specifying upon which ground the order was made, it was not error for the judge on the same day, after the entry of his order sustaining the demurrer, to correct his order so as to specify the proper ground upon which his ruling was based, although no showing therefor had been made, other than the calling of his attention to the need of correction.

Appeal from Superior Court, Spokane County.—Hon. LEANDER H. PRATHER, Judge.    Affirmed.

*Graves & Graves,* for appellants.

*Thomas C. Griffitts* and *Henry M. Hoyt,* for respondent.

The opinion of the court was delivered by

DUNBAR, J.—The respondents brought an action in tort. The appellants demurred to the amended complaint, statting, as grounds of demurrer, (1) that the complaint did

not state a cause of action, and (2) that several causes of action had been improperly united in said complaint. The demurrer was sustained in the following words: "Ordered that the said demurrer be and the same is hereby sustained." Judgment was entered on the demurrer on the 3d day of February, 1900. On the same day the respondents moved the court for an order correcting the order made sustaining the demurrer, for the reason that said order, instead of being an order sustaining the demurrer generally, should have been an order sustaining the demurrer on the ground of misjoinder of causes of action, and overruling the demurrer on the ground that the complaint did not state a cause of action. Judge Prather, who was the presiding judge who sustained the demurrer to the complaint, and before whom the motion was made for its modification, granted the motion in the following words: "Ordered that the said motion be, and the same is hereby, granted, and said order is hereby modified so that the last paragraph thereof shall read, 'Ordered that the said order be and the same is hereby sustained upon the second ground thereof only,' "—that "several causes of action have been improperly united in said amended complaint;" and directed the clerk to make the amendment. Afterwards, Judge Richardson, being upon the bench, made the order dismissing the action without prejudice. The appeal is from the order modifying the judgment of dismissal, and the question is, did Judge Prather possess the power to correct the order sustaining the demurrer?

It is claimed by the appellants that the court committed reversible error in modifying said judgment; that it was, in effect, a motion to correct an error of law, and that the only manner in which this error could have been reviewed was by appeal, especially inasmuch as there was no showing accompanying the motion. An examination of the rec-

ord convinces us that this contention should not be sustained. There was no showing, it is true, but there was no occasion for any showing under the circumstances, as the judge who made the order was the judge who corrected it, and it was called to his attention immediately upon the entry of the first order. It is an undisputed right of courts to correct their records so that they shall speak the truth and carry into effect the original intention of the court. In our judgment, that is all that was done in this instance, and no good purpose would be subserved by compelling the delay and expense of an appeal.

The judgment is affirmed.

REAVIS, C. J., and FULLERTON, ANDERS, MOUNT, WHITE and HADLEY, JJ., concur.