34 395,
c42 674

[No. 4937.   Decided March 21, 1904.]

STATE OF WASHINGTON, *Respondent*, v. LOUIS H. GARBE,
*Appellant*.[1]

CRIMINAL LAW—INFORMATION—BURGLARY—ATTEMPT TO COMMIT
—DISTINGUISHED FROM POSSESSION OF TOOLS WITH INTENT.   An
information charging accused with an attempt to commit the
crime of burglary "having in his possession" certain implements
of burglary, charges a felony under Bal. Code, §7437 relating to
attempts, and not merely the misdemeanor defined by Bal. Code,
§7106, in having such implements in possession with intent to com-
mit such offense, since an attempt is charged as distinguished
from mere intent, and the latter section expressly applies only
where the circumstances do not amount to an attempt; and the
allegation respecting possession of tools is surplusage.

Appeal from a judgment of the superior court for Skagit
county, Joiner, J., entered May 28, 1903, upon the plea of
guilty of the crime of attempting to commit burglary.
Affirmed.

*Hurd & Brickey*, for appellant.

*J. C. Waugh*, for respondent.

DUNBAR, J.—On the 12th day of May, 1903, an infor-
mation was filed against appellant in the superior court of
the state of Washington, Skagit county.   Omitting the
formal parts, it was as follows:

"Then and there being, Lewis H. Garbe, in the night
time and having in his possession implements of burglary,
namely, a bit, a brace, and a keyhole saw, did attempt to
commit the crime of burglary on the 26th day of April,
1903, in the city of Anacortes, county of Skagit, state of
Washington, by unlawfully and feloniously attempting to
break and enter into a certain store building of the Ana-
cortes Mercantile Company, a corporation, in which goods,

[1] Reported in 75 Pac. 993.

wares and merchandise are kept for sale, with intent to commit a felony or misdemeanor therein."

Thereafter, on the 25th day of May, 1903, the appellant was duly arrested under said information, and pleaded guilty thereto. One of appellant's counsel thereupon suggested to the court that the information charged a misdemeanor and not a felony, and that sentence should be imposed as for a misdemeanor and not as for a felony; whereupon the court overruled appellant's contention, and sentenced him to two years at hard labor in the state penitentiary; to all of which appellant excepted. Judgment was entered upon said plea.

The question presented here is, does the information, under the law, charge any offense greater than a misdemeanor? It is contended by the appellant that the information was drawn under § 7106, Bal. Code, and that the penalty cannot be other than the penalty provided for in such section. Section 7106 is as follows:

"If any person shall be found at night around (armed) with any dangerous instrument or offensive weapon whatsoever, with intent to break or enter into any dwelling house, building, room in a building, cabin, stateroom, railway car or other covered inclosure where personal property shall be, and to commit any larceny, felony or misdemeanor therein, or with the intent to commit any larceny, felony or misdemeanor, or if any person shall at any time be found having in his possession any picklock, crow, key, bit, jack, jimmy, nippers, outsiders, pick, drill punch, betty or other implement or implements of burglary, with the intent aforesaid, and under such circumstances as shall not amount to an attempt to commit felony, every such offender shall be deemed guilty of a misdemeanor."

But we think the appellant is mistaken in concluding that the information was drawn under this section; on the other

hand, the crime charged falls within the provisions of § 7437, which provides that:

"Every person who attempts to commit any crime but fails or is prevented or intercepted in the perpetration thereof, is punishable, when no provision is made by law for the punishment of such attempt, as follows: (1) If the offense so attempted is punishable by imprisonment in the penitentiary for five years or more, or by imprisonment in the county jail, the person guilty of such attempt is punishable by imprisonment in the penitentiary or in the county jail, as the case may be, for a term not exceeding one-half of the longest term of imprisonment prescribed upon a conviction of the offense so attempted;  .  .  ."

It was the evident intent of the pleader in this case to charge the appellant, not alone with an *intent* to commit the crime of burglary, which is the misdemeanor contemplated in §7106, but with an *attempt* to commit the crime of burglary. It is true that the compiler's head note to § 7106 is, "Attempt to Commit Burglary, Possession of Tools, etc.," but the section itself does not, as it will be seen, provide that an attempt to do certain things shall be considered a misdemeanor, but only the intent, as distinguished from an attempt; for the latter part of the section provides, "and under such circumstances as shall not amount to an attempt to commit felony, every such offender shall be deemed guilty of a misdemeanor;" while the information in this case plainly charges the appellant with an attempt to commit the crime of burglary, by unlawfully and feloniously, in the night time, attempting to break and enter, etc. It is true that, according to the recitals of the information, the appellant at the time of the attempt had in his possession implements of burglary, viz., a bit, a brace, and a keyhole saw; but the statement of this fact was purely surplusage on the part of the pleader, and at the most could be but presumptive evidence of an intention

to commit the crime charged, viz., an attempt to commit burglary.

We think the appellant was properly sentenced, and the judgment is affirmed.

FULLERTON, C. J., and HADLEY, MOUNT, and ANDERS, JJ., concur.