[No. 6229. Decided June 11, 1906.]

THE STATE OF WASHINGTON, *Respondent,* v. GEORGE LEWIS, *Appellant.*[1]

BURGLARY—INFORMATION—CHARGE IN LANGUAGE OF STATUTE. An information charging the crime of burglary in the language of the statute defining the crime as an unlawful entry with intent to commit a crime "or" misdemeanor, is sufficient, especially in view of the statute providing that the information may allege in the alternative the different means by which an act was committed.

Appeal from a judgment of the superior court for Chehalis county, Irwin, J., entered March 6, 1906, upon a trial and conviction of the crime of burglary. Affirmed.

*Austin M. Wade,* for appellant.

*E. E. Boner,* for respondent.

FULLERTON, J.—The appellant was informed against for the crime of burglary, the charging part of the information being as follows:

"The said George Lewis, on the 8th day of December, A. D. 1905, in the county of Chehalis, in the state aforesaid, then and there being, did then and there, in the nighttime of said day, feloniously, unlawfully break and unlawfully enter the warehouse of the Northern Pacific Railway Company, a corporation doing business in the state of Washington, said warehouse then and there being a building in which goods, merchandise and valuable things were kept on deposit, and situated in the city of Montesano, in the county and state aforesaid, with the intent then and there to .commit a misdemeanor or felony therein."

[1]Reported in 85 Pac. 668.

To this information the appellant demurred on the ground
that it was not direct and certain as to the crime charged,
and after trial and conviction, moved in arrest of judgment
on the same ground; contending that the information was
fatally defective because it charged the intent with which the
building was entered in the alternative.

The general rule undoubtedly is that, where a statute
enumerates in the alternative several acts the doing of which
constitutes a crime, or where the intent or purpose necessary
to constitute the offense is set out in several aspects dis-
junctively, it is necessary, if the several acts or several in-
tents or purposes are to be joined in one indictment or infor-
mation, to state them conjunctively, using the copulative
"and" where the statute uses the disjunctive "or." But this
rule, in so far as it relates to the intent in an indictment or
information for burglary, has been changed by statute in this
state.   Burglary, as defined by § 7104 of the code (Bal-
linger's), (P. C., § 1606), consists of the unlawful entry in
the nighttime, or the unlawful breaking and entry in the day-
time, of any building in which goods and merchandise or
valuable things are kept for use, sale, or deposit, with intent
to commit a misdemeanor or felony. By § 7105 (Id.), (P. C.,
§ 1607), it is provided that any person who makes such un-
lawful entry, or breaking and entry, as defined in the preced-
ing section, shall be deemed to have made the same with in-
tent to commit a misdemeanor or felony, unless the entry is
explained by testimony satisfactory to the jury trying the
case to have been made for some purpose without criminal
intent.

Construing this statute, we have held that the state is not
required to prove the specific intent with which a defendant
unlawfully enters the building, but on the contrary have held
that, when it shows that there was an unlawful entry in the
nighttime, or an unlawful breaking and entry in the day-
time, it makes a *prima facie* case to the effect that the entry

43—42 WASH.

was made with intent to commit either a misdemeanor or a felony, and casts the burden of showing that the entry was for a purpose without criminal intent · on the defendant, *State v. Wilson,* 9 Wash. 218, 37 Pac. 424; *State v. Anderson,* 5 Wash. 350, 31 Pac. 969; *Linbeck v. State,* 1 Wash. 336, 25 Pac. 452. This construction of the statute is tenable only on the principle that the legislature in defining the crime of burglary, used the words "misdemeanor or felony" in the sense of "crime," intending to make it burglary to unlawfully enter a building under the circumstances defined with intent to commit any form of crime whatsoever. We think now that this is its proper construction and, giving it that construction, the crime of burglary is correctly charged by using the language of the statute.

Informations for burglary, charging the intent in the form of the one now in question, were before this court in the cases of *State v. Garbe,* 34 Wash. 395, 75 Pac. 993, and *State v. Randall,* 36 Wash. 438, 78 Pac. 998. In the first case the information was upheld, and in the second, although the information was held insufficient on another ground, its sufficiency was not questioned on the ground here urged. Moreover the statute expressly provides that, when the crime may be committed by the use of different means, the indictment or information may allege the means in the alternative; and, further, that no indictment or information shall be held insufficient for any matter which was formerly deemed a defect but which does not tend to the prejudice of the substantial rights of the defendant upon the merits. Bal. Code, §§ 6844, 6851 (P. C., §§ 2097, 2104). While perhaps these cases and this statute are not directly in point on the question now urged, they sustain the general judgment of the court below to the effect that this defect in the information, if a defect at all, is not material.

The judgment is affirmed.

MOUNT, C. J., HADLEY, RUDKIN, DUNBAR, CROW, and ROOT, JJ., concur.