[No. 6154. Decided August 28, 1906.]

THE STATE OF WASHINGTON, *Respondent,* v. CHARLES E. WILLIAMS, *Appellant.*[1]

INDICTMENT AND INFORMATION—FILING NEW INFORMATION. After a mistrial in a criminal case, the court may permit the prosecution to file a new information.

CRIMINAL LAW—ORDER NUNC PRO TUNC. Where the clerk of the court failed to enter an order in a criminal action, the court may make the record speak the truth by the filing of an order *nunc pro tunc.*

CRIMINAL LAW—INFORMATION—BURGLARY—ATTEMPT TO COMMIT. An information charging accused with an attempt to commit the crime of burglary "having in his possession" certain implements of burglary, charges a felony under Bal. Code, §7437 relating to attempts, and not merely the misdemeanor defined by Bal. Code, §7106, in having such implements in possession with intent to commit such offense.

CRIMINAL LAW — FORMER ACQUITTAL — EVIDENCE — SUFFICIENCY. The plea of former acquittal is an affirmative defense to be proved by the defendant, and evidence merely that there was another trial is not sufficient to make a prima facie case of former acquittal.

SAME. The dismissal of the first information, after setting aside a conviction for error, does not support a plea of former acquittal.

Appeal from a judgment of the superior court for Snohomish county, Black, J., entered January 12, 1906, upon a trial and conviction of the crime of attempt to commit burglary. Affirmed.

*Padgett & Stingley,* for appellant.

*J. W. Hartnett,* for respondent.

[1]Reported in 86 Pac. 847.

Mount, C. J.—The appellant was convicted of attempted burglary, and appeals from a judgment thereon. It appears that an information was filed on May 9, 1905, charging appellant with the crime. He filed a demurrer, which was overruled. He then entered a plea of not guilty, and on June 12, 1905, was tried to a jury. He was found guilty and then moved for a new trial, which was granted on August 26, 1905, solely upon the ground of misconduct of the jury. On September 2, 1905, the state was permitted, over the objection of appellant, to dismiss the first information and file a new one charging the same crime. The clerk made no record of the matter on that day. On the 5th of September the appellant moved to quash the new information, upon the ground that there was another information pending charging the same offense. This motion came on for hearing on September 9, when the omission of the clerk to make the entry of the proceeding of September 2 was called to the attention of the court, a *nunc pro tunc* order, showing what had occurred on September 2, was directed to be made, and the court thereupon denied the motion to quash, and on the same day overruled a general demurrer to the second information. The appellant then entered a plea of not guilty and of former acquittal. On September 18, 1905, he was placed on trial before a jury. At the trial no evidence was offered upon the question of former acquittal, except the fact that there had been another trial of the case. The court did not instruct the jury upon the law of former acquittal. A verdict of guilty was returned, but no finding was made by the jury upon the plea of former acquittal. Objections were made to receiving the verdict. A motion for a new trial was denied, and judgment entered.

Several errors which appertain to the first information and to the first trial are assigned. We need not discuss these, because they are disposed of by our conclusion upon the right of the prosecuting attorney to file a new information. It is alleged as error that the court allowed a new information to

be filed, and overruled defendant's motion to quash. Both these questions are based upon the same ground, and depend upon the power of the court to permit a new information to be filed. This is no longer an open question in this state. It has been many times decided. *State v. Riley,* 36 Wash. 441, 78 Pac. 1001, and cases cited. It was not error for the court to enter a *nunc pro tunc* order. The court always has power to make its records speak the truth. *Sivyer v. Lawyer,* 25 Wash. 360, 65 Pac. 529; *Barthrop v. Tucker,* 29 Wash. 666, 70 Pac. 120; 15 Ency. Plead. & Prac., 344.

The information in this case is substantially the same as the information in *State v. Garbe,* 34 Wash. 395, 75 Pac. 993, with the exception of the language which we there held superfluous. Under the rule in that case, the information in this is sufficient, and the court correctly overruled the demurrer.

The appellant contends that the court erred in failing to instruct the jury upon the law of former acquittal, and in receiving a verdict without a finding of the jury upon that plea. The evidence has not been brought here on this appeal, and all there is in the record to show that there was any evidence at all upon this question is the following:

" 'Q. Did you not testify differently at your former trial in this court on the 12th day of June, when there were present, yourself, Judge Black, the court reporter, Mr. Gaston, your attorney Mr. Stingley, and myself?' This question was asked of the defendant several times."

This evidence is not sufficient to make a *prima facie* case of former acquittal. This plea is in the nature of an affirmative defense to be proved by the defendant, and if there is no evidence upon the plea, there is nothing to submit to the jury. *State v. Lewis,* 31 Wash. 75, 71 Pac. 778; 3 Greenleaf, Evidence (16th ed.), § 36; Wharton, Criminal Evidence (7th ed.), § 332; 1 Bishop, New Crim. Proc., § 816; 3 Rice, Evidence, p. 615; 9 Ency. Plead. & Prac., 637.

The appellant seems to rely upon the fact that the trial court permitted a dismissal of the first information after a verdict of conviction had been set aside and a new trial granted, claiming that this fact supports the plea of former acquittal. But this fact does not lead to that result. We said in *State v. Riley, supra,* at page 444:

"A trial on an insufficient information is a mistrial if a verdict of guilty results. It does not constitute jeopardy, and is not a bar to a subsequent prosecution. There was, therefore, no obligation on the part of the court to discharge the appellant, either on her motion made at the conclusion of the evidence, or at other stages of the case. On the contrary, it was the court's duty, if he believed a crime had been committed and that the appellant had committed that crime, to hold her for further proceedings, so that the question of her guilt could be submitted to a jury on a sufficient information."

There is no error in the record in this case. The judgment is therefore affirmed.

CROW, DUNBAR, ROOT, and FULLERTON, JJ., concur.