In re GOLDEN MALT CREAM CO.

NATIONAL CHEMICAL CO. et al. v. GOLDEN MALT CREAM CO.

(Circuit Court of Appeals, Seventh Circuit. July 22, 1908.)

No. 1,418.

BANKRUPTCY — ACTS OF BANKRUPTCY — APPOINTMENT OF RECEIVER — "INSOLVENCY."

The word "insolvency," as used throughout Bankr. Act July 1, 1898, c. 541, 30 Stat. 544 (U. S. Comp. St. 1901, p. 3418), means insolvency as defined in such act; and an order of a state court appointing a receiver for a corporation on a petition charging insolvency does not constitute an act of bankruptcy, under section 3a (4), as amended by Act Feb. 5, 1903, c. 487, § 2, 32 Stat. 797 (U. S. Comp. St. Supp. 1907, p. 1025), where the term is there used to define a different state of facts, and by an amendment of the order of the state court made after the filing of the petition in bankruptcy it appears that it was not made on a finding of insolvency within the meaning of the bankruptcy act.

[Ed. Note.—For other definitions, see Words and Phrases, vol. 4, pp. 3647–3655; vol. 8, p. 7689.]

Petition for Revision of Proceedings of the District Court of the United States for the District of Indiana.

The respondent, the Golden Malt Cream Company, is an Indiana corporation, engaged in manufacturing and trading in drugs and chemical compounds. October 4th, 1906, one Charles A. Loring, a stockholder and the secretary of petitioner, appearing by one John A. Hibbard, also a stockholder and the president of the company, in a bill in the St. Joseph County Circuit Court of Indiana, praying for the appointment of a receiver to take charge of the property of respondent, and make distribution thereof, alleged:

"That the total assets of said corporation are of the probable value of $35,000.00. This plaintiff alleges that he is a stockholder of said defendant corporation and that said defendant corporation is insolvent and has not now moneys, means, property or assets with and out of which to pay its existing indebtedness; that it is indebted to numerous and divers persons in the aggregate amount of $25,000.00; that a large portion of such indebtedness is past due and said defendant corporation has not now the money and assets to meet its obligations or to pay its overdue indebtedness, and that certain of the creditors of said corporation are threatening to bring suits against the corporation to recover judgment on the debts due them, thereby creating a preference in their favor as against the other creditors of said corporation to the prejudice of their rights and to the rights of the stockholders.·

"Petitioner further alleges that the business of said corporation as now conducted is being.conducted at a loss and that if continued the said defendant corporation will become and be wholly insolvent and the assets thereof will be wholly insufficient to pay its indebtedness and nothing whatever will be left for the stockholders of said corporation."

On the same day, by unverified answer, the respondent admitted that the indebtedness was nearly twenty-four thousand dollars; that a large portion of the same was past due; and that it had no available means at hand with

which to meet the same; and upon the complaint and answer thus filed, and upon the same day, also, the following order was entered:

"That this defendant admits the allegations of said petition to be true except as to the allegations of insolvency and as to the amounts owing by this defendant to the plaintiff and other parties as set forth in said petition.

"That the business of this defendant has been and is now being conducted at a loss and if continued as it is now conducted the indebtedness incident thereto, which will be incurred by this corporation, will be greatly in excess of its means with which to pay and in excess of its property and assets.

"That this defendant corporation is indebted to various persons and firms, amounting in the aggregate to nearly $24,000.00; that a large portion of such indebtedness is past due and defendant has no available means at hand with which to meet the same and certain of its creditors are threatening to institute suits and recover judgment against the corporation, to issue and levy executions upon its property thereby creating a preference in their favor and preventing this defendant from filling certain orders now on hand for finished product and preventing this defendant from converting certain raw material on hand into finished product and disposing of same at a profit."

December 4, 1906, the petitioners filed their petition in the United States District Court, and January 29th, 1907, an amended petition, asking that respondent be declared a bankrupt under section 3, par. "a," subd. 4, of the Bankruptcy Act of July 1, 1898, c. 541, 30 Stat. 546 (U. S. Comp. St. 1901, p. 3422), to which petition as amended, the respondent filed an answer denying insolvency and the other allegations of the petition.

December 10th, 1906, the respondent filed a petition in the St. Joseph Circuit Court, asking for a new trial in the cause in which the receiver had been appointed. A new trial having been granted, a new petition was filed that omitted the averment that the respondent was insolvent, but (conforming to a statute of the state) asked for the appointment of a receiver on an averment that the company was in danger of becoming insolvent; and to this petition an answer was filed consenting to the appointment of a receiver on the ground named, but denying insolvency. And upon this petition and answer, a receiver was appointed.

Such proceedings were then had in the United States District Court that a special master eventually submitted a finding that notwithstanding these later proceedings in the State Court, respondent was estopped by the recitals of insolvency contained in the record of the State Court of October 4th, 1906, to deny its insolvency at the time the petition was filed in the United States District Court. To this finding, as a conclusion of law, proper exceptions were filed and sustained, and the matter was referred back to the master to take testimony upon the issues of fact joined. It is to revise and reverse the order of the court sustaining the exceptions to this conclusion of law, that this petition is brought to this court.

Russell B. Harrison, M. L. Clawson, and Oscar M. Fritz, for petitioners.

John L. Sinkes, for respondent.

Before GROSSCUP, BAKER, and SEAMAN, Circuit Judges.

GROSSCUP, Circuit Judge (after stating the facts as above). The question of law presented is, whether or not respondent is estopped by reason of the proceedings in the State Court, October 4th 1906, notwithstanding the subsequent proceeding, from denying that it is insolvent within the meaning of the Bankruptcy Act—the actual facts relating to insolvency being, that the company had assets approximately of thirty-five thousand dollars and debts of twenty-four thousand dollars; facts that standing apart from the State Court recitals, do not render the company insolvent within the meaning of the Bankruptcy Act.

Section 3, par. "a," subd. 4, of the Bankruptcy Act of July 1, 1898, c. 541, 30 Stat. 546 (U. S. Comp. St. 1901, p. 3422), provides that it shall be an act of bankruptcy when because of insolvency, a receiver or trustee has been put in charge of his property under the laws of a state; from which it is argued by petitioners that the act of bankruptcy does not depend upon the actual status of insolvency, as that status is fixed by the Bankruptcy Act, but upon the fact that a finding of insolvency is disclosed in the record of the State Court upon the basis of which a receiver was appointed; and that such finding cannot, after bankruptcy proceedings are begun, be recalled.

We cannot concur in this view of the law. The word "insolvency," as used in the Bankruptcy Act, means insolvency within the meaning of the definition of that act. And though the same word be employed in the finding of a State Court to define a set of facts different from the facts intended to be defined by the word in the Bankruptcy Act, the State Court is not without power, by appropriate amendment, to so change its order that such order will set forth the real facts on which the order was intended to act; for certainly a mere divergence of definition ought not to have the effect of making that an act of bankruptcy which in fact was not intended by the bankruptcy law to be an act of bankruptcy.

The petition is denied, and the order of the United States District Court of Indiana to reverse and revise which the petition is filed, is

Affirmed.