### In re WENATCHEE HEIGHTS ORCHARD CO.

(District Court, W. D. Washington, N. D. April 22, 1913.)

No. 5,025.

Bankruptcy (§ 63*)—Grounds—Insolvency—Appointment of Receiver.

On petition to a state court of competent jurisdiction alleging that a corporation was insolvent, an order appointing a receiver of the corporation's property, on a finding of insolvency, coupled with a subsequently proven fact of insolvency at the time the receiver was appointed, was sufficient to justify an adjudication in bankruptcy, under Bankr. Act July 1, 1898, c. 541, § 3, 30 Stat. 546, 547 (U. S. Comp. St. 1901, p. 3422), providing that an application for a receiver or trustee of an alleged bankrupt while insolvent, and the appointment of such receiver or trustee, shall constitute an act of bankruptcy, though the state court, after the filing of the bankruptcy petition, modified its former order by reciting that it was made on grounds other than the insolvency of the corporation.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 63.*]

*For other cases see same topic & § number in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

In Bankruptcy. In the matter of bankruptcy proceedings against Wenatchee Heights Orchard Company. On exceptions to a master's report, advising that petitioners were entitled to an adjudication in bankruptcy. Exceptions overruled. Adjudication granted.

Henry W. Pennock, of Seattle, Wash., for receiver.

Shank & Smith, of Seattle, Wash., for Wenatchee Heights Orchard Co.

Raymond D. Ogden and Walter Schaffner, both of Seattle, Wash., for petitioning creditors.

CUSHMAN, District Judge. A petition was filed by creditors of the Wenatchee Heights Orchard Company in the superior court of the state of Washington, charging the above-named corporation and its officers with having transferred all, or the greater portion, of its assets to another corporation for the fraudulent purpose of concealing said property and causing the above-named corporation to become insolvent, and for the purpose of defrauding its creditors; that such action stripped said company of substantially all of its assets, and made it impossible for it to perform its contracts; that it did not intend to perform its contracts; that indebtedness in a large amount had accumulated against it; that it was unable to pay its obligations as they matured, and was in imminent danger of insolvency, if not already, in fact, insolvent. The complaint prayed the appointment of a receiver.

On January 17, 1913, the state court, in which said petition was filed, appointed a receiver of the property of the corporation; the court reciting in the order, as the ground therefor, that the corporation was insolvent. On January 18, 1913, creditors of said corporation filed a petition in this court, praying for an adjudication of its bankruptcy, and alleging as an act of bankruptcy that, "while insolvent and within four months last preceding the date of filing" the petition "because of insolvency, a receiver was put in charge of its property."

January 25, 1913, after the filing of a petition in this court praying an adjudication in bankruptcy, an order was made in the state court purporting to modify the order theretofore made therein, and reciting that the first order appointing a receiver was made upon grounds other than the insolvency of the corporation. The latter order was made after representations to that court by counsel in said cause that, if the original order was not so changed, an adjudication of bankruptcy would be founded thereon, and the assets administered in a court of bankruptcy.

The corporation answered the petition herein, and denied that petitioners were its creditors, denied that it had committed the act of bankruptcy alleged, and denied that it was insolvent. The receiver, appointed by the state court, made a like denial, and denied, further, that the company had committed any act of bankruptcy whatever.

Upon these issues, testimony was taken before a special master, at which hearing notice was given by the petitioning creditors that, when the matter was heard before this court, they would ask leave to amend

the petition to charge, as an additional act of bankruptcy, that the "Wenatchee Heights Orchard Company had, while insolvent, applied for a receiver for its property." Upon the hearing before this court, the amendment was allowed.

The master found that the said corporation had, with intent to hinder, delay, and defraud its creditors, transferred substantially all of its property. He further found, concerning the appointment of a receiver in the state court, as above recited, that at the time of the appointment of the receiver in the state court, and on the date of the filing of the petition herein for an adjudication in bankruptcy, said company was insolvent; that, on account of such insolvency, the suit was instituted in the state court. The master concluded that the petitioning creditors were entitled to an order adjudicating the corporation a bankrupt. The matter is now before the court on exceptions to the findings and conclusion of the master.

The petitioners rely upon the following authorities: Exploration Mercantile v. Pacific Hdwe. & Steel Co., 177 Fed. 825, 101 C. C. A. 39; In re Watts & Sachs, 190 U. S. 1, 23 Sup. Ct. 718, 47 L. Ed. 933; In re Electric Supply Co. (D. C.) 175 Fed. 612; Hooks v. Aldridge, 145 Fed. 865, 76 C. C. A. 409; Beatty v. Mining Co., 150 Fed. 293, 80 C. C. A. 181; Collier on Bankruptcy (7th Ed.) pp. 77–184.

Respondents rely upon the following authorities: Sivyer v. Lawyer, 25 Wash. 360, 65 Pac. 529; O'Bryan v. Am. Inv. & Imp. Co. et al., 50 Wash. 371, 97 Pac. 241; Geo. M. West & Co. v. Lea Bros. & Co., 174 U. S. 590, 19 Sup. Ct. 836, 43 L. Ed. 1098; In re Spalding, 139 Fed. 244, 71 C. C. A. 370; Moss Nat. Bank v. Arend, 146 Fed. 353, 76 C. C. A. 629; In re Golden Malt, etc., Co., 164 Fed. 326, 90 C. C. A. 258; In re Ellsworth Co. (D. C.) 173 Fed. 699; Blue Mountain, etc., Co. v. Portner, 131 Fed. 57, 65 C. C. A. 295.

Section 3 of the Bankruptcy Act (Act July 1, 1898, c. 541, 30 Stat. 546, 547 [U. S. Comp. St. 1901, p. 3422]) provides:

"Acts of bankruptcy by a person shall consist of his having conveyed, transferred, concealed or removed, or permitted to be concealed or removed, any part of his property with intent to hinder, delay, or defraud his creditors, or any of them, * * * or, being insolvent, applied for a receiver or trustee for his property or because of insolvency a receiver or trustee has been put in charge of his property under the laws of a state, of a territory or of the United States."

Section 1 of the Bankruptcy Act, defining "insolvency," provides:

"(15) A person shall be deemed insolvent within the provisions of this act whenever the aggregate of his property, *exclusive of any property which he may have conveyed*, transferred, concealed or removed, or permitted to be concealed or removed, with intent to defraud, hinder or delay his creditors, shall not, at a fair valuation, be sufficient in amount to pay his debts."

Respondent, in support of its exceptions, relies upon the case of In re Golden Malt Cream Co., 164 Fed. 326, 90 C. C. A. 258, but an examination of that case will show that it is not applicable to the situation now before the court. In that case the state court first appointed a receiver, reciting the corporation's insolvency. After the appointment of such receiver, a petition was filed in the bankruptcy court, alleging an act of bankruptcy other than the appointment of a receiver

for its property. Thereafter, in the state court, the order appointing a receiver was modified, to show grounds other than insolvency, as defined in the bankruptcy law, after which modification of the order a petition was filed in the bankruptcy court, seeking an adjudication in bankruptcy and alleging, as an act of bankruptcy, the appointment of a receiver on account of the corporation's insolvency. It was held that the record in the state court did not support the allegation concerning the act of bankruptcy, and, in deciding it, the court pointed out that insolvency, as defined by the state law and as defined in the Bankruptcy Act, differed materially, and that therefore, as a matter of law, the determination of the state court did not establish an act of bankruptcy.

It will be seen that the order was modified by the state court before the jurisdiction of the bankruptcy court was invoked on account of the appointment of a receiver for its property, and that the question turned on a matter of definition, purely a question of law—neither of which obtains in the case now before the court. The preponderance of evidence is with the petitioners in both the act of bankruptcy alleged in the original petition and the petition as amended.

It is not necessary to consider the effect of a proven existence of insolvency alone, nor the appointment of a receiver by the state court for causes other than insolvency, in the absence of insolvency. The fact that, upon a petition alleging insolvency in effect, an order of a court of competent jurisdiction was made, appointing a receiver of its property upon the recital of a finding of insolvency, coupled with the now proven fact of insolvency at that time, is sufficient to warrant an adjudication of bankruptcy. The one establishes a compliance with the letter of the law; the latter, with the spirit of the law.

A state of facts actually existing that warranted the first order of the state court, appointing a receiver on account of insolvency, and which order was sufficient to require an adjudication of bankruptcy by this court, and the jurisdiction of this court having been invoked upon the strength of that order, it is not necessary to consider the effect, in the state court, of the modification of the order, and a changed recital of the appointment of a receiver on other grounds than that of insolvency. The final judgment of the state court is not required in this particular to authorize an adjudication of bankruptcy. That part of section 1 of the Bankruptcy Act above quoted clearly shows that the assets of the corporation transferred by it cannot be considered assets upon a hearing for adjudication of bankruptcy.

Without discussing at length the testimony taken concerning respondent's insolvency, it is sufficient to say that no other conclusion could have been reached than that arrived at by the master. The findings and conclusions of the master are found to be justified, and the exceptions thereto are overruled. Exploration Merc. Co. v. Pacific Hardware & Steel Co., 177 Fed. 825, 101 C. C. A. 39.