## In re BILLY'S ICE CREAM CO.

### BILLY'S ICE CREAM CO. v. CARROLL COAL CO. et al.

(Circuit Court of Appeals, Seventh Circuit. January 8, 1924.)

No. 3353.

1. **Bankruptcy ☞60—Appointment of receiver as act of bankruptcy.**

That a corporation acquiesced in the appointment of a receiver for its property by a state court, though in a suit by a creditor in which it was defendant, may constitute an act of bankruptcy under Bankruptcy Act, § 3a (4), being Comp. St. § 9587a (4), if it is shown to have been insolvent.

2. **Bankruptcy ☞91 (2)—Evidence of insolvency.**

Undisputed and credible testimony showing that an alleged bankrupt corporation is solvent within the meaning of the Bankruptcy Act is not overcome by the fact that judgments were recovered against it, or even that a receiver was appointed for its property.

3. **Bankruptcy ☞60—Appointment of receiver not an "act of bankruptcy" unless made because of insolvency.**

Appointment of a receiver for an alleged bankrupt does not constitute an act of bankruptcy under Bankruptcy Act, § 3a (4), being Comp. St. § 9587a (4), unless made because of insolvency.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Act of Bankruptcy.]

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Appeal from the District Court of the United States for the Eastern District of Wisconsin.

In the matter of Billy's Ice Cream Company alleged bankrupt. The alleged bankrupt appeals from order of adjudication on petition of the Carroll Coal Company and others. Reversed.

P. C. Kolinski and Emil Hersh, both of Milwaukee, Wis., for appellant.

Edward J. Gehl, of Hartford, Wis., for appellees.

Before BAKER, ALSCHULER and PAGE, Circuit Judges.

ALSCHULER, Circuit Judge. The appeal is from an order adjudicating appellant a bankrupt. Appellees' petition in bankruptcy alleges that appellant was and is insolvent; that various judgments have been entered against it in the Wisconsin state courts; that upon petition of one of its judgment creditors a receiver in the state court was appointed who took possession of all appellant's property; and that appellant, because of its insolvency, consented to the entry of the order for the receivership.

[1] Appellant's answer to the petition denied insolvency, and denied also the various acts of bankruptcy charged. Upon the hearing there was no evidence offered by appellees to sustain the petition, beyond the conceded fact that there were judgments in the state courts, and that at the suit of one Schranck, a judgment creditor, a receiver was appointed by the state court, who took possession of all the assets. It is fairly inferable from the record that appellant acquiesced in and even consented to the receivership. Under the authority of. Missouri Valley Loan Cattle Co. v. Alexander (C. C. A.) 276 Fed. 266, 269, and cases there cited, this may be regarded as meeting the requirements of the first clause of subsection 4, § 3, of the Bankruptcy Act (Comp. St. § 9587), making it an act of bankruptcy if one, being insolvent, applied for a receiver for his property, and would sustain the adjudication if the statutory essential of insolvency were present.

[2] Apart from the inferences to be drawn from the suffering of judgments to be entered and a receiver to be appointed, the only evidence at the hearing on the subject of insolvency was offered by appellant, from which it seems plain that appellant was not then insolvent within the purview of the bankruptcy act, the fair valuation of appellant's assets after proper deductions for depreciation and the like being between $75,000 and $80,000 while its debts did not exceed $50,000. Apart, therefore, from the possible influence of the judgments and the receivership proceedings, we see no escape from the conclusion that the record wholly fails to sustain the petitioners' burden of showing appellant's insolvency. While the existence of the judgments and a receivership might bear on the weight to be accorded the testimony of persons who suffered on behalf of the appellant the judgments to be entered, and consented to the receivership, the affirmative evidence of solvency is here in no way dependent. on the testimony of such, and under the circumstances of this case, where the undisputed evidence of value of the assets came from others, the judgments and the receivership should not be permitted to neutralize this uncontroverted and convincing evidence of solvency.

[3] It is insisted that insolvency within the purview of the act sufficiently appears because of the operation of the last clause of sub-. section 4 of section 3 of the Bankruptcy Act, which prescribes as an act of bankruptcy:

"Because of insolvency a receiver or trustee has been put in charge of his property under the laws of a state, of a territory, or of the United States."

But it nowhere appears from the record that the receivership was "because of insolvency." This is not alleged even in the petition of bankruptcy, it being there alleged, not that the receivership was because of insolvency, but that appellant's consent to the receivership was because of its insolvency. The bill for the receivership was drafted on a theory manifestly opposite that of appellant's insolvency. It alleges assets of about $125,000 and liabilities of about $40,000. It does not appear that the order for the receivership was predicated on appellant's insolvency, nor, indeed, did the district court find that the state court receivership was "because of insolvency;" and the record discloses no evidence of a different state of facts. The adjudication cannot, therefore, rest on this provision of the statute. Collier on Bankruptcy (11th Ed.) pp. 121, 122, 123, 124, 3a (4); National Chemical Co. v. Golden. Malt Cream Co., 164 Fed. 326, 90 C. C. A. 258; In re Butler & Co., 207 Fed. 705, 125 C. C. A. 223. Insolvency not being shown as the ground for the receiver's appointment, and no other statutory basis for the adjudication appearing, it cannot be upheld, notwithstanding the suggested possibility of advantage to some of the judgment creditors should appellant's insolvency afterwards develop.

The order of bankruptcy is reversed, with direction to the district court to dismiss the petition.