PEOPLE OF PORTO RICO, Plaintiff and Appellee, *v.* JESÚS. MÉNDEZ, Defendant and Appellant.

No. 2534. Argued June 23, 1925.—Decided July 10, 1925.

1. BURGLARY—PLEADING.—An information that charges burglary in the language of the statute is sufficient.
2. ID.—ID.—An information that charges burglary and alleges that the accused entered the building with the intention of committing larceny is sufficient.

District Court of Ponce, R. Díaz Cintrón, J. Judgment of conviction of burglary. *Affirmed.*

C. *Brunet del Valle* for the appellant. *José E. Figueras, Fiscal,* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

The information in this case stated "that the said Jesús Méndez on the 28th day· of November, 1924, in the Dis-

trict of Ponce, Porto Rico, voluntarily and maliciously in the night time entered the store of Juan Lugo in the market place of Ponce with the intention of committing larceny.''

The only assignment of error in the case is that the information does not sufficiently state a crime, inasmuch as the words "with the intention of committing larceny" is a conclusion of law and that the said words do not sufficiently set up acts from which the intention of the defendant might be deduced. Section 408 of the Penal Code provides:

''Every person who enters any house, room, apartment, tenement, shop, warehouse, store, barn, stable, out-house, or other building, tent, vessel, or car with intent to commit grand or petty larceny, or any felony, is guilty of burglary.''

[1, 2] Generally this court has held that the rule is that in an information it is sufficient to follow the statute. Some of the exceptions we have indicated in the case of *People* v. *Wys,* 25 P.R.R. 473, but the case before us does not fall within any of the exceptions. The entry in burglary is the principal fact; the intent is a subsidiary element that must be alleged, but it is sufficient to prove the facts before a jury. The appellant cites the case of *People* v. *Shaber,* 32 Cal. 36. In point of fact appellant concedes that that case was against his contention, but he thinks the dissenting opinion of one of the judges contained the better doctrine. However, in *People* v. *Goldsworthy,* 130 Cal. 600, 62 Pac. 1074, and in *People* v. *Bartley,* 12 Cal. Appeals, 773, 108 Pac. 868, the California courts, with citations of other cases, decided that informations were sufficient in burglary where the active entry was described as having taken place "with intent to commit larceny." A similar decision is to be found in *State* v. *Lewis,* 42 Washington, 672, 85 Pac. 668. See also 9 Corpus Juris, 1034 *et seq.*

The judgment should be affirmed.