EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* JESÚS MÉNDEZ, acusado y apelante.

No. 2534.—*Visto:* Junio 23, 1925. *Resuelto:* Julio 10, 1925.

1. ESCALAMIENTO—PROCESO Y CASTIGO—ACUSACIÓN SUFICIENTE. — Una acusación por escalamiento que sigue el lenguaje del estatuto es suficiente.
2. ESCALAMIENTO—PROCESO Y CASTIGO—ACUSACIÓN SUFICIENTE. — Una acusación por escalamiento que alega la penetración del acusado "con intención de cometer hurto" es suficiente.

SENTENCIA de *R. Díaz Cintrón,* J. (Ponce), condenando al acusado por delito de escalamiento en primer grado. *Confirmada.*

*C. Brunet del Valle,* abogado del apelante; *José E. Figueras,* abogado de *El Pueblo,* apelado.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

En este caso la acusación alegaba que ''El referido Jesús Méndez el día 28 de noviembre de 1924 y en el distrito de Ponce, P. R., voluntaria y maliciosamente penetró durante las horas de la noche en la plaza del mercado de Ponce y en el puesto de Juan Lugo con la intención de cometer hurto.''

El único señalamiento de error en el caso es que la acusación no aduce hechos suficientes para constituir un delito público, toda vez que las palabras ''con intención de cometer hurto'', es una conclusión de derecho y que dichas palabras no alegan suficientemente actos de los cuales podría inferirse la intención del acusado. El artículo 408 del Código Penal prescribe lo siguiente: ''Toda persona que entrare en una casa, aposento, habitación, casa de vecindad, taller, almacén, tienda, granero, establo, dependencia, u otro edificio, pabellón, embarcación, carro o vagón, con el propósito de cometer hurto o ratería, o cualquier delito grave (*felony*) será culpable de escalamiento.''

[1, 2] Generalmente esta corte ha declarado que la regla es que en una acusación, es bastante con seguir el estatuto. Hemos indicado algunas de las excepciones en el caso de *El Pueblo* v. *Wys,* 25 D.P.R. 510, pero el caso ante nosotros no cae dentro de ninguna de las excepciones. La penetración, en el delito de escalamiento, es el hecho principal; la intención es un elemento secundario que debe ser alegado, pero es bastante para probar los hechos ante un jurado. El apelante cita el caso de *People* v. *Shaber,* 32 Cal. 36. En realidad de verdad el apelante admite que ese caso se pronunciaba en contra de su contención, pero cree que la opinión disidente de uno de los jueces contiene la

mejor doctrina.　Sin embargo, en el caso de *People* v. *Goldsworthy,* 130 Cal. 600, 62 Pac. 1074, y en el de *People* v. *Bartley,* 12 Cal. Appeals 773, 108 Pac. 868, las cortes de California, haciendo citas de otros casos, resolvieron que eran suficientes las acusaciones en el delito de escalamiento cuando la penetración activa se describía como que había tenido lugar "con la intención de cometer hurto." Una decisión semejante puede hallarse en el caso de *State* v. *Lewis,* 42 Washington 672, 85 Pac. 668.　Véase también a 9 Corpus Juris 1034 y siguientes.

*Debe confirmarse la sentencia apelada.*