## In re SPALDING.

### (Circuit Court of Appeals, Second Circuit. June 10, 1905.)

#### No. 240.

1. BANKRUPTCY—ACTS OF BANKRUPTCY—APPOINTMENT OF RECEIVER.

    The provision of Bankr. Act July 1, 1898, c. 541, § 3a, subd. 4, 30 Stat. 546 [U. S. Comp. St. 1901, p. 3422], as amended in 1903 (32 Stat. 797 [U. S. Comp. St. Supp. 1903, p. 410]), making it an act of bankruptcy on the part of a debtor where "because of insolvency a receiver or trustee has been put in charge of his property under the laws of a state, of a territory, or of the United States," does not make the appointment of a receiver on the application of creditors an act of bankruptcy unless it was made on the ground of insolvency.

2. SAME.

    A state court of New York appointed a receiver for the property of a defendant on application of a judgment creditor on the ground, as recited in the order, that the defendant had conveyed property and was threatening to make further conveyances of property in fraud of the plaintiff's rights. *Held*, that such recital of the ground for the appointment was conclusive, and that the appointment did not constitute an act of bankruptcy on the part of the defendant as one made under the laws of the state "because of insolvency," within the meaning of Bankr. Act July 1, 1898, c. 541, § 3a, subd. 4, 30 Stat. 546 [U. S. Comp. St. 1901, p. 3422], as amended in 1903 (32 Stat. 797 [U. S. Comp. St. Supp. 1903, p. 410]), there being in fact no statute of the state conferring power on a court to appoint a receiver for the property of an individual on the ground of insolvency.

3. SAME—ABATEMENT OF PROCEEDINGS—DEATH OF BANKRUPT.

    Proceedings in bankruptcy do not abate by the death of the alleged bankrupt after the filing of the petition and before adjudication.

    [Ed. Note—For cases in point, see vol. 1, Cent. Dig. Abatement and Revival, § 298; vol. 6, Cent. Dig. Bankruptcy, § 134.]

Appeal from the District Court of the United States for the Southern District of New York.

See 134 Fed. 507.

Selden Bacon, for appellants.

Emanuel J. Myers, for respondents.

Before WALLACE, LACOMBE, and TOWNSEND, Circuit Judges.

WALLACE, Circuit Judge. This is an appeal from an adjudication of bankruptcy, and is brought by a creditor who interposed an answer to the petition and contested the proceeding and by the executor of Spalding. The acts of bankruptcy upon which the adjudication was based were the appointment and putting in charge of a receiver of the property of the alleged bankrupt by the Supreme Court of the state of New York. The petition for the adjudication alleged the commission of several other acts of bankruptcy of Spalding, but none of the averments in respect thereto were sufficient in form and substance. The referee in bankruptcy by whom the proceeding was heard found that they had not been proved. His findings in this respect were not overruled by the District Court, and we have not been able to find in the record sufficient evidence to support the averments.

We are unable to agree with the court below that the proofs establish the commission by Spalding of the acts of bankruptcy particularly referred to. These acts of bankruptcy are those enumerated by subdivision a (4) of section 3 of the bankrupt act (Act July 1, 1898, c. 541, 30 Stat. 546 [U. S. Comp. St. 1901, p. 3422]). Section 3 provides that acts of bankruptcy by a person "shall consist of his having * * * a (4), made a general assignment for the benefit of his creditors; or being insolvent applied for a receiver or trustee for his property; or because of insolvency a receiver or trustee has been put in charge of his property under the laws of a state, of a territory, or of the United States."

Until the amendments of 1903 to the bankrupt act the appointment of a receiver of the property of an insolvent, whether an individual or a corporation, was not of itself an act of bankruptcy; and this was so whether the appointment was made upon the application of the insolvent or upon the application of creditors. The making of a general assignment for the benefit of creditors was an act of bankruptcy by the terms of subdivision a (4), and upon the theory that the appointment of a receiver was equivalent in its results to a general assignment made by the insolvent to a trustee the jurisdiction of the bankruptcy courts had been sought occasionally by creditors who petitioned for an adjudication of bankruptcy alleging such appointment to have been a general assignment for the benefit of creditors; but it was decided that section 3 did not include as one of the enumerated acts of bankruptcy the appointment by a court of a receiver or trustee of the property of an insolvent, and that the "general assignment" of subdivision a (4) meant the ordinary common-law general assignment made voluntarily by the grantor, and those which in many of the states, being regulated by statute, are known as "statutory general assignments." Re Empire Metallic Bedstead Company, 98 Fed. 981, 39 C. C. A. 372; Vaccaro v. Security Bank of Memphis, 103 Fed. 436, 43 C. C. A. 279. In the former of these cases this court held that the procurement by an insolvent of the appointment of a receiver of his property by a state court could not be held to be an act of bankruptcy upon the ground that it produces results equivalent to those brought about by a general assignment for the benefit

of creditors, and that the acts of bankruptcy enumerated by the statute could not be enlarged by construction so as to include transactions similar or analogous to, but not identical with, those specified. Doubtless these decisions were influential in leading to the amendments of 1903. It is significant that these amendments are ingrafted upon original subdivision a (4), thus indicating that what was in the mind of Congress was a transfer which was equivalent in its results to a general assignment by operating to transfer to a trustee all of the property of an insolvent for the benefit of his creditors. The making of a general assignment by a debtor was always regarded as a confession of his insolvency, and it has sometimes been decided that such an assignment made by a person who was not insolvent at the time, or did not suppose himself to be insolvent, was void, as manifesting an intent to hinder and delay creditors in the collection of their debts. Some of these decisions are referred to in Van Nest v. Yoe, 1 Sandf. Ch. 4. Apparently what Congress intended by the amendment was to place a receivership, whether the appointment was procured by the initiation of the insolvent or whether it was procured by the application of his creditors, upon the same footing as a general assignment by an insolvent, and, when it had occurred, to permit the courts of bankruptcy to administer the estate, and have it distributed conformably with all the provisions of the bankrupt act. It will be observed that the first of the amendatory provisions confines the act of bankruptcy to the appointment of a receiver or trustee upon the application of the insolvent, while the second is a broader provision, and applies whenever a receiver or trustee has been put in charge of the insolvent's property "because of insolvency."

The petition for an adjudication did not allege such an act of bankruptcy as is enumerated in the first of these provisions, and the question to be considered consequently is whether the proofs sustain the averment of the petition that a receiver had been put in charge of Spalding's property "because of his insolvency." It appeared by the proofs that the receiver was appointed in an action brought by the corporation W. & J. Sloane, a creditor of Spalding, to set aside a conveyance and transfer of certain real and personal property of Spalding, made, as was alleged, with intent to hinder, delay, and defraud his creditors, and particularly the plaintiff. The plaintiff made application to the Supreme Court for the appointment of a receiver pendente lite, and the order appointing the receiver, in granting the application, recites the ground for the appointment as follows:

"That the plaintiff is a judgment creditor of the defendant Robert H. Spalding, and that its executions against his property issued by its judgments have been returned wholly unsatisfied; that the defendant Robert H. Spalding has been conveying, mortgaging, and otherwise disposing of his property in fraud of the plaintiff's rights and just demands, and is threatening to make further conveyances and dispositions thereof in fraud of the rights and just demands of the plaintiff."

Giving subdivision a (4) the construction which its language demands, we are of the opinion that it does not make a receivership an act of bankruptcy unless it was procured upon the application

of the insolvent himself, and while insolvent; and does not make the putting a receiver in charge of the property of an insolvent an act of bankruptcy unless this was done because of insolvency; and if the latter provision applies to any case where the trustee has not been put in charge pursuant to some statute of the state, or a receiver put in charge by a court acting under statutory authority, it certainly applies only when this has been done because of insolvency. In most of the states statutory provisions exist conferring jurisdiction upon designated courts for the appointment of receivers. The statutes of New York authorize the appointments of receivers of corporations in cases of insolvency, but there is no statute authorizing the appointment by any court of a receiver of the property of an individual merely upon the ground of his insolvency. The appointment in the present case was doubtless made pursuant to section 713 of the Code of Civil Procedure, which authorizes the appointment of a receiver of "the property which is the subject of the action," upon the application of a party who establishes an "apparent right to or interest in the property, where it is in the possession of an adverse party," and when its custody by a receiver becomes expedient.

Inasmuch as in the present case the receiver was not appointed upon the application of Spalding, it is immaterial whether Spalding was at the time insolvent. It is also immaterial that the plaintiff in the action may have alleged as one of the evidential facts of fraud that Spalding was insolvent. It suffices that the court in exercising its authority did not purport to do so upon that ground, and that the order appointing the receiver and reciting the grounds for the action of the court is conclusive to the contrary. The receiver was appointed because the court found that Spalding had disposed and was threatening to dispose of his property with intent to defraud the plaintiff in the action and other creditors, and assigned this as the only ground for its action in putting a receiver in charge of his property. If the court had merely appointed a receiver, without reciting the grounds of its judgment, the record could have been referred to, or the grounds shown by evidence aliunde. Russell v. Place, 94 U. S. 608, 24 L. Ed. 214; Davis v. Brown, 94 U. S. 428, 429, 24 L. Ed. 204. But, having recited the grounds, the recitals cannot be contradicted without impeaching the record; and this is inadmissible. In re Watts, 190 U. S. 35, 23 Sup. Ct. 718, 47 L. Ed. 933. That the appointment of a receiver under the circumstances of this case is not such an act of bankruptcy as is contemplated by subdivision a (4) is enforced by the consideration that such acts as led to the appointment are of themselves acts of bankruptcy by the terms of subdivision a (1) of section 3. It is not to be presumed that Congress intended to amend the section so as to create as an additional act of bankruptcy one which was already included in the section.

The conclusion we have reached renders it unnecessary to consider the other questions raised by the assignments of error. It is proper, however, to say that we are satisfied that the proceeding did not abate by the death of Spalding previous to the date of the

adjudication, and that we adopt the views which are so fully and satisfactorily expressed upon the general subject by Judge Wheeler in Re Hicks (D. C.) 107 Fed. 910.

We have considered the suggestion of counsel for the appellees that, in the event of a reversal of the adjudication, the proceeding should be remitted to the court below, with instructions to permit the petitioning creditors to amend their petition, and take further proofs as to the acts of bankruptcy alleged other than the one upon which the adjudication was founded. The appellants have been subjected to a long and expensive litigation in the trial of an issue which was without merit. The executor of Spalding will be able to assert the rights of his creditors to impeach any fraudulent disposition of his property, and will distribute his estate ratably among the creditors. If by superior diligence some of his creditors have acquired legal or equitable liens, there is no good reason why they should be deprived of their fruits. Under the circumstances we see no good reason for permitting the proceeding to be reopened.

The adjudication of bankruptcy is reversed, with costs, and with instructions to dismiss the petitions of the original and intervening creditors for an adjudication of bankruptcy.