BEATTY et al. v. ANDERSEN COAL MINING CO. et al.

In re BEATTY et al.

(Circuit Court of Appeals, First Circuit. November 15, 1906.)

No. 669.

BANKRUPTCY—PROCEEDINGS ON INVOLUNTARY PETITION BECAUSE OF RECEIVERSHIP.

A receiver was put in charge of the assets of the appellants by the superior court of the state of Massachusetts, and the appellants were afterwards adjudged bankrupts on an involuntary petition, alleging that this action of the superior court was because of their insolvency. The proceedings in the superior court were on a bill in equity, which alleged insolvency as a ground for a receivership and also other grounds in addition thereto. The decree in the superior court recited that the defendants there, now the appellants, appeared by counsel and consented to the appointment of a receiver. The decree appointing the receiver did not set out specifically the grounds for the action of the superior court. The superior court is a court of general equity jurisdiction, so that, if it exceeded its jurisdiction in the particular involved here, the excess was remediable only by appeal, and did not render its proceedings void. *Held* that, as the statutes of bankruptcy are practical statutes, they were satisfied in the particulars involved here, inasmuch as the superior court did in fact appoint a receiver on a bill asking for the receivership on the ground of insolvency, and for other reasons, although it did not appear by the record that the insolvency was the sole reason which moved the state tribunal to appoint a receiver.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 6, Bankruptcy, §§ 82, 84.]

Appeal from the District Court of the United States for the District of Massachusetts.

Walter Coulson (Coulson & Murphy, on the brief), for appellants.

Henry W. Beal, for appellees.

Before PUTNAM and LOWELL, Circuit Judges, and ALDRICH, District Judge.

PUTNAM, Circuit Judge. In this case the appellants formed a copartnership, located and doing business in the district of Massachusetts, and were adjudged involuntary bankrupts under clause 4 of section 3 of the act of July 1, 1898 (30 Stat. 546, c. 541 [U. S. Comp. St. 1901, p. 3422]), amended by the act of February 5, 1903 (32 Stat. 797, c. 487, § 2 [U. S. Comp. St. Supp. 1905, p. 683]), to read as follows:

· "Or (4) made a general assignment for the benefit of his creditors, or, being insolvent, applied for a receiver or trustee for his property, or because of insolvency a receiver or trustee has been put in charge of his property under the laws of a state, or of a territory, or of the United States."

The copartnership appealed to us. The ground of the adjudication was that, because of insolvency, a receiver had been put in charge of its property. The proceedings on which the petition in bankruptcy was based were in the superior court of the state of Massachusetts as follows:

### "Bill of Complaint.

"To the Honorable the Justices of the Superior Court, within and for the County of Essex:

"Respectfully represents Edwin .H. Buzzell, of said Boston, lumber merchant, that he brings this, his bill of complaint, in behalf of himself .and such other creditors of the defendants as may become parties hereto, and thereupon complains and avers:

"(1) That the said defendants are indebted to the said plaintiff in the sum of seventy-two and twenty-two one-hundredths dollars for merchandise sold and delivered by the said plaintiff to the said defendants.                    -

"(2) That the said plaintiff is informed and believes that said defendants owe large sums of money to other parties and are unable to meet their obligations as they become due, and are, in fact, insolvent.

"(3) That the respondents are coal and wood merchants heretofore doing business in Lawrence and Andover, Massachusetts, and have property to the amount of about two thousand dollars available for the payment of debts of the respondents, which amount to about eight thousand dollars.

·  "(4) That on or about the fifth day of February, 1906, the Davis Coal & Coke Company of Boston, Massachusetts, placed an attachment on all their stock in trade, fixtures, and other assets, and the debtors have been unable to dissolve said attachment; and that said Davis Coal & Coke Company have petitioned the attaching officer to sell the bulk of the goods held by him on attachment, on the grounds that they are of a perishable nature, or cannot be kept without disproportionate expense, and that in pursuance of said petition a large portion of said goods were sold on March 7, 1906.      ╲

"(5) That the expense now being incurred in relation to the assets of the defendants is wholly disproportionate to the total amount of said assets, and said assets are being wasted and depreciated without benefit to any creditor.

"(6) That there does not seem to be any prospect of the defendants meeting their obligations and continuing the business of the copartnership, and in fact the defendants have practically abandoned their business, and there is no one · to look after and care for the same.

"(7) That if your petitioner and the other creditors proceed at law against the defendants, there will be a great multiplicity of suits and much wasteful expense without a fair division of the assets.

"(8) Your petitioner is informed and believes, and therefore avers, that the title to certain assets of the defendants is in dispute, and they are claimed by different parties.

"(9) That no act of bankruptcy under the national bankruptcy act has been committed by the defendants which will enable your petitioner or other creditors at the present time to petition them into bankruptcy; and that the petitioner is unable to take advantage of the insolvency law owing to its suspension by the bankruptcy act.

· "Wherefore your plaintiff prays as follows:

· "(a) That a receiver may be appointed to take possession of all the assets of the said defendants, to continue the business of the said defendants during such period as may be necessary to economically dispose of the same, to convert the assets into cash, to collect the debts and distribute the proceeds pro rata among the creditors of the said defendants.

. "(b) And for such other relief as the court may deem meet.

                                                            "Edwin H. Buzzell."

"Decree Appointing Receiver.

"The above cause came on to be heard at this time, upon the application for a receiver, and thereupon, defendants having appeared by counsel and consenting thereto, upon a consideration thereof, it is ordered and decreed that Stanley W. C. Downey, of Boston, Massachusetts, be, and he hereby is, appointed receiver of the property, moneys, debts and effects of every nature and kind of or belonging to the partnership mentioned in the bill, and he is directed, authorized and empowered to collect, get in and take charge of all and singular thereof, and to hold the same subject to the further order of the court.

"And said defendants, David Beatty and Louis H. Beatty, and each of them, are hereby required and ordered to deliver to said receiver all the money, stock in trade, effects and property of every kind and nature belonging to said partnership, in their hands, possession or control, together with all the books, deeds, documents, vouchers and papers relating thereto.

"And said defendants, David Beatty and Louis H. Beatty, and each of them, are hereby restrained and enjoined from collecting any of the debts of said partnership, and from using, spending, injuring, conveying away, transferring, selling, or in any manner disposing of or encumbering, any of the effects or property aforesaid, except to deliver them into the hands of said receiver.

"And said David Beatty and Louis H. Beatty, and each of them, are hereby required to make, execute, and deliver to said receiver any of the conveyances, instruments, and transfers in writing which he shall reasonably be advised to be necessary or proper to have effectually vested in him any part of the effects or property of said partnership.

"And said receiver is directed to continue the business of said defendants during such period as may be necessary to economically dispose of the same, and to dispose of the business and partnership assets, to convert the same into cash, and thereafter to distribute the proceeds for the payment of debts subject to the further order of this court.

"And said receiver is required to file in the office of the clerk of this court, within thirty days from the date of this decree, under oath, an inventory of all and singular said property, together with a list of the creditors of said partnership, so far as he may be able to ascertain the same, and from time to time to make report to the court of his doings under this decree.

"And said receiver, before entering upon the performance of his duties under this decree, shall give a good and sufficient bond, in form running to the Treasurer and Receiver General of the commonwealth of Massachusetts, for the faithful performance of his duties, in the penal sum of two thousand dollars, to be approved by the court; and either of the parties or said receiver may apply to the court from time to time for such further directions, orders, or decrees as may be necessary.

"By the Court:  Henry E. Bellew, Assistant Clerk.
"March 23, 1906."

As the statutes of bankruptcy are to have an honest and practical interpretation, we are not to inject into what we have quoted therefrom such phraseology as would require that the cause of the receivership need be solely insolvency. If insolvency, either as a distinct ground of proceeding or as coupled with others, was one of the substantial reasons for the appointment of the receiver, the case would come within the reasonable construction of the statute. The same line of reasoning disposes of a proposition which has been strongly urged on us, to the effect that the superior court, under the local rules administered in Massachusetts, had no jurisdiction to appoint a receiver on account of insolvency. The superior court is a court of general equity jurisdiction; and, if it exceeded its jurisdiction in the particular mentioned, the excess would be of the kind remediable only by appeal, and would not render its proceedings void. Such being the

fact, and the statutes of bankruptcy being practical statutes, we have no doubt they are satisfied if the superior court did in fact appoint a receiver on the ground of insolvency, either as the sole ground of its proceeding or in a mixed case under the circumstances which we have explained.

The record fails to show specifically the reasons acted on by the superior court as justifying the appointment of the receiver. In view of the fact that both parties consented, it would not necessarily be expected that the court would formulate any specific views in reference thereto; and certainly not that the record would show any express statement of such views even if they had been formulated in the judicial mind. Whether or not there might be any difficulty if we had only a bare record giving the bill and the appointment of a receiver, there is none in view of the fact that the proceeding was expressly by the consent of the copartnership in question. This consent, of course, validated all the allegations in the bill of complaint in the superior court, and it also relieved that court from considering very particularly any one of them. Consequently, looking at the practical application of the statutes in bankruptcy, as we have explained them, we are compelled to assume that the superior court acted on the bill as a whole; so that, inasmuch as allegations of insolvency were twice made formal and positive portions thereof, the adjudication by that court must be held to come within the act of 1903, as we have explained it.

We will add that, inasmuch as the ninth paragraph of the bill of complaint in the superior court alleged especially the fact that the petitioner was unable to proceed under the state insolvency laws, it emphasized the construction which we give the proceedings; and that construction is further emphasized by the additional fact that the prayer for relief is especially appropriate to actions taken for winding up insolvent estates. However, it must not be understood that our references to paragraph 9 and to the prayer of the bill are deemc ' by us essential to the case. It also must be understood that we do not mean to hold that the result would not have been the same even if it had not appeared that the proceedings in the superior court were with the consent of the copartnership involved. We are ruling only on the case as we have stated it; and therefore we add in conclusion that none of the decisions cited before us are substantially in point, and it may be that no case which comes later will be strictly analogous to the one at bar. Moss Nat. Bank v. Arend (C. C. A.) 146 Fed. 351, decided by the Circuit Court of Appeals for the Sixth Circuit, which came to hand after the draft of this opinion was made, is so easily distinguished from the case at bar that we need not comment on it.

The decree of the District Court is affirmed, and the appellees recover their costs of appeal.

NOTE.—The following is the opinion of Dodge, District Judge, on question of adjudication:

DODGE, District Judge. Two acts of bankruptcy are alleged in the petition: (1) That the alleged bankrupts, being insolvent, applied for a receiver for their property; (2) that a receiver had been put in charge of their property under the laws of Massachusetts.

Under a reference to ascertain the facts, the referee has reported that the first act of bankruptcy alleged was not committed. I have no doubt that this finding is right, and it is sustained.

The referee has further reported that the alleged bankrupts were insolvent on March 23, 1906. There is no dispute that on that day a receiver was appointed by the Massachusetts superior court, in a suit in equity, brought by Edwin H. Buzzell against them, and was directed to take charge of all their property. There is no dispute that they were insolvent, as the referee finds, when this decree was made. The referee also finds that the receiver was put in charge of their property because of insolvency, and that the second act of bankruptcy has thus been committed. The question remaining to be decided by the court is whether or not this conclusion was warranted by the evidence.

The bill in equity above referred to alleged that the complainant was a creditor of the alleged bankrupts; that they owed large sums of money to other parties, were unable to meet their obligations as they became due, and were, in fact, insolvent; that they owned property to the amount of about $2,000 available for the payment of their debts; and that their debts amounted to about $8,000. It further alleged that an attachment had been placed upon all their property which they were unable to dissolve; that the attaching creditor had petitioned for a sale of most of the goods attached as perishable; that a large proportion thereof had been sold; that the assets were being wasted and depreciated by disproportionate expense then being incurred in relation to them; that the alleged bankrupts had abandoned their business, leaving no one to look after it; that there was danger of a multiplicity of suits against them, involving wasteful expense without fair division of the assets; that the title to part of the assets was disputed; and that no act of bankruptcy had been committed, so that the creditors could not avail themselves of the bankruptcy act.

The prayer of the bill was that a receiver might be appointed to take possession of the alleged bankrupt's property, and continue their business until the property could be economically disposed of, to convert it into cash, to collect the debts, and to distribute the proceeds ratably among the creditors; also for such other relief as the court might deem meet.

The decree appointing the receiver recited that the alleged bankrupts appeared and consented to the appointment. It did not further recite any reasons for making the appointment, and the grounds upon which the court acted in making it must therefore be ascertained from the bill; no further pleadings appearing to have been before the court.

The bill in my opinion sufficiently alleged the insolvency of the alleged bankrupts. In view of their appearance and consent to the decree, the alleged bankrupts are to be regarded as having admitted their insolvency for the purposes of the decree to which they consented. Their undisputed insolvency was therefore one of the facts upon consideration of which the court made its decree. It was not the sole ground of the decree. Had the bill asked for a receiver upon the ground of insolvency alone, it seems that under the laws of Massachusetts the court would not have been authorized to make the appointment. Falmouth Bank v. Cape Cod Ship Canal Co., 166 Mass. 551, 569, 44 N. E. 617. But that it was one of the grounds upon which the decree was made I see no reason to doubt, nor that it was a necessary ground, without which the appointment would not have been made. Without the allegation of insolvency the bill could hardly have been said to state a case for equitable relief. Therefore I think the referee was right in holding that the receivership was established "because of insolvency" within the meaning of section 3a (4) of the bankruptcy act (Act July 1, 1898, c. 541, 30 Stat. 546 [U. S. Comp. St. 1901, p. 3422]), as amended in 1903 (Act Feb 5, 1903, c. 487, 32 Stat. 797 [U. S. Comp. St. Supp. 1905, p. 683]). The referee has cited nearly all the cases in which the language there used to define the act of bankruptcy in question has been discussed or construed. With the view which he has taken of them I agree, and I find nothing in them which requires a different conclusion from that which he has reached. Zugalla v. Mercantile Agency, 142 Fed. 927, 74 C. C. A. 97, published apparently since the referee's report was prepared, was a case where a temporary receiver had been appointed ex parte upon a bill charging

insolvency, before the existence of insolvency had been determined, and pending a hearing upon the question of its existence. It was there held that the appointment had not been made "because of insolvency." But in the present case there had been no controversy and there was to be none, either in regard to the existence of the alleged insolvency or in regard to the appointment of the receiver, and the receiver was authorized by the decree not merely to preserve the status of the property pending a hearing, but to dispose of it and distribute the proceeds among the creditors.

Adjudication ordered.