### In re KENNEDY TAILORING CO.

(District Court, E. D. Tennessee, N. D.    July 13, 1909.)

#### No. 933.

BANKRUPTCY (§ 81*)—INVOLUNTARY PETITION—ALLEGATION OF ACT OF BANK-
RUPTCY.

An allegation in a petition in involuntary bankruptcy that a receiver was appointed for the property of defendant because of its insolvency, by a state court named, sufficiently charges an act of bankruptcy under Bankr. Act July 1, 1898, c. 541, § 3, subd. "a," cl. 4, 30 Stat. 546 (U. S. Comp. St. 1901, p. 3422), as amended by Act Feb. 5, 1903, c. 487, § 2, 32 Stat. 797 (U. S. Comp. St. Supp. 1909, p. 1309), where the court named was one having general equity jurisdiction, and the record of the suit filed with the petition shows that the appointment was made on a creditors' bill charging insolvency as one of the grounds for asking the appointment, and does not disclose the specific ground on which it was made.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 59, 113–118, 125; Dec. Dig. § 81.*]

In the matter of Kennedy Tailoring Company, alleged bankrupt. On demurrer to original and amended petitions. Overruled.

Shields, Cates & Mountcastle, for creditors.
Wright, Wright & Burrows, for bankrupt.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

SANFORD, District Judge. 1. The first ground of demurrer that the amended petition was not filed in duplicate, has been heretofore overruled at the hearing.

2. The second ground of demurrer that neither the original nor the amended petition states any act of bankruptcy committed by the defendant must be likewise overruled. The amended petition specifically avers that the defendant committed an act of bankruptcy in that, on May 3, 1909, because of insolvency, a receiver was put in charge of its property under the laws of the state of Tennessee in the chancery court at Knoxville under a general creditors' bill filed against it by one of its creditors. This is not the averment of a mere conclusion of law, but an averment of fact properly alleging an act of bankruptcy under the bankruptcy act. As the court of chancery of Tennessee is a constitutional court, having general equity jurisdiction, I am of the opinion that the appointment by such court of a receiver on the ground of insolvency is an appointment of such receiver "under the laws of a state" within the meaning of section 3, subd. "a," cl. 4, of the Bankruptcy Act (Act July 1, 1898, c. 541, 30 Stat. 546 [U. S. Comp. St. 1901, p. 3422], as amended by Act Feb. 5, 1903, c. 487, § 2, 32 Stat. 797 [U. S. Comp. St. Supp. 1909, p. 1309]). I find no authority holding that in order to constitute an act of bankruptcy under this section of the act, the appointment of a receiver must be made by the state court under a state statute. On the contrary, the fact that a receiver has been put in charge by a state court, although acting under its general equity power, seems to be recognized, implicitly at least, as constituting an appointment under the laws of the state, in Lowenstein v. Mfg. Co. (D. C.) 130 Fed. 1007, Hooks v. Aldridge (C. C. A., Fifth Circuit) 145 Fed. 865, 76 C. C. A. 409, and Beatty v. Coal Mining Co. (C. C. A., First Circuit) 150 Fed. 293, 80 C. C. A. 181. See, also, 1 Remington on Bankruptcy, § 151, p. 132. The case of Zugalla v. Mercantile Agency (C. C. A., Third Circuit) 142 Fed. 927, 74 C. C. A. 97, does not, as I view it, hold to the contrary; the reference in that opinion to the fact that the receiver had not been appointed under the state statute, but under the general equity power of the court, not being made with reference to the question now under consideration, but to show that the appointment of the receiver was made merely for the purpose of taking custody of the property, and not as an appointment of a receiver on the ground of insolvency under the state statute.

Neither is the averment of the petition alleging the appointment of a receiver on the ground of insolvency, controverted by the order of the chancellor exhibited with the petition. It is probably true that if the chancery record exhibited with the petition showed affirmatively on its face that the receiver was not appointed on the ground of insolvency the averment in the bill would be controlled by the exhibit, and, as the order of the chancery court showing the ground of the appointment could not be contradicted by other proof, a demurrer would lie to the petition under the doctrine of the Zugalla Case. However, this doctrine, I think, does not apply to the present case, for the reason that the chancery record in the present case does not show, as the record in the state court did affirmatively show in the Zugalla Case when construed

as a whole, that the appointment was not made on the ground of insolvency. In the present case the chancery bill specifically alleged insolvency as one of the grounds for the relief prayed, and the order of the chancellor appointing the receiver does not show on its face the ground upon which the appointment was made. It is, however, settled by the weight of authority that, where the order of the state court appointing a receiver does not show the ground upon which it is made, extrinsic evidence may be introduced to establish that fact. Hooks v. Aldridge, supra; Loveland on Bankruptcy (3d Ed.) § 54, p. 202. And in Re Spalding (C. C. A., Second Circuit) 139 Fed. 244, 247, 71 C. C. A. 370, 373, the court said:

'if the court had merely appointed a receiver, without reciting the grounds of its judgment, the record could have been referred to, or the grounds shown by evidence aliunde. Russell v. Place. 94 U. S. 608, 24 L. Ed. 214; Davis v. Brown, 94 U. S. 428, 429, 24 L. Ed. 204." See, also, 1 Remington on Bankruptcy, § 158. p. 134.

Furthermore, the case comes within the bankruptcy act if insolvency was one of the substantial reasons for the appointment of a receiver, even although there may have been other reasons. Hooks v. Aldridge, supra; Beatty v. Coal Mining Co., supra. In Beatty v. Coal Mining Co., where the bill under which the receiver was appointed was very similar to the chancery bill in the present case, the court said:

"The statutes of bankruptcy being practical statutes, we have no doubt they are satisfied if the superior court did in fact appoint a receiver on the ground of insolvency, either as the sole ground of its proceeding or in a mixed case under the circumstances which we have explained."

The bankruptcy act furthermore draws no distinction between temporary and permanent receivers, but makes the simple fact of a receiver having been placed in charge of the defendant's property on the ground of insolvency an act of bankruptcy. Under this section it was said in Blue Mountain Iron & Steel Co. v. Portner (C. C. A., Fourth Circuit) 131 Fed. 57, 65 C. C. A. 295, that to hold "that the bankruptcy act requires permanent receivers to be appointed would be to read into the statute something the lawmaking department—Congress—did not see proper to put there."

It is therefore not necessary to determine at this time whether the chancery record exhibited with the petition, when taken as a whole, supports the averment of the petition that the receiver was appointed on the ground of insolvency. It is sufficient to say that it at least does not contradict that averment, and that if the record, taken as a whole, does not show the ground of appointment, extrinsic evidence could be introduced, under the authorities, to establish the ground upon which the appointment was in fact made.

It therefore follows, in view of the unqualified averment in the petition, that the demurrer must be overruled. An order will be entered accordingly.