## In re VALENTINE BOHL CO.

## Appeal of SOUTHERN COTTON OIL CO.

### (Circuit Court of Appeals, Second Circuit. June 22, 1915.)

### No. 278.

1. BANKRUPTCY ⬤⟿60—ACTS OF BANKRUPTCY—CONCEALMENT OR REMOVAL OF PROPERTY.

The filing of a petition in the state court for the appointment of a receiver for a corporation by its majority stockholder, who was also its president and a director, to which the company filed no answer, was not a concealment or removal of property by the corporation with intent to hinder, delay, or defraud creditors, within Bankr. Act July 1, 1898, c. 541, § 3a (1), 30 Stat. 546 (Comp. St. 1913, § 9587), providing that such concealment or removal shall constitute an act of bankruptcy.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 80; Dec. Dig. ⬤⟿60.]

2. BANKRUPTCY ⬤⟿81—PETITION—SUFFICIENCY—SPECIFICATION OF ACTS OF BANKRUPTCY.

An involuntary petition in bankruptcy, alleging that the alleged bankrupt, a corporation, had permitted a receiver of its property to be appointed by a state court because of insolvency, though its language was inartificial, might properly be held to cover an act of bankruptcy under Bankr. Act, § 3a (4), providing that an act of bankruptcy is committed when, because of insolvency, a receiver or trustee has been put in charge of the bankrupt's porperty under the laws of any state.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 59, 113–118, 125; Dec. Dig. ⬤⟿81.]

3. BANKRUPTCY ⬤⟿60—ACTS OF BANKRUPTCY—APPOINTMENT OF RECEIVER BECAUSE OF "INSOLVENCY"—"INSOLVENT."

Bankr. Act July 1, 1898, c. 541, § 1a (15) 30 Stat. 544 (Comp. St. 1913, § 9585), provides that a person shall be deemed "insolvent" whenever the aggregate of his property, exclusive of any conveyed, transferred, etc., with intent to defraud creditors, shall not at a fair valuation be sufficient in amount to pay his debts. Laws Conn. 1903, c. 194, § 26, provides that when any corporation having a capital stock has violated its charter, etc., or whenever its assets are in danger of waste, application may be made to the superior court for a dissolution of the corporation and the appointment of a receiver. A petition was filed in a state court for the appointment of a receiver for a corporation, which petition alleged that the corporation had no money available for its use and could not borrow any, that it owed a large amount of debts, which it was unable to pay, and by reason of its unpaid debts and its inability to carry on its business its assets were in danger of waste, that there was no prospect of its condition improving, and that it ought to be dissolved. On such petition a receiver was appointed. *Held*, that no act of bankruptcy, within Bankr. Act, § 3a (4), was committed, since "because of insolvency" in that subdivision means insolvency as defined in section 1a (15), and the record of the state court indicated that, if the receiver was appointed because of insolvency at all, it was "insolvency" in the ordinary sense of inability to meet current obligations.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 80; Dec. Dig. ⬤⟿60.

For other definitions, see Words and Phrases, First and Second Series, Insolvency.]

Appeal from the District Court of the United States for the District of Connecticut.

Walter S. Schultz, and John H. Cassidy and Lawrence L. Lewis, both of Waterbury, Conn., for appellant.

William E. Thoms, of Waterbury, Conn., for appellee.

Before LACOMBE, COXE, and WARD, Circuit Judges.

WARD, Circuit Judge. November 21, 1914, an involuntary petition in bankruptcy was filed against the Valentine Bohl Company in the District Court of the United States for the District of Connecticut. Two acts of bankruptcy were charged to have been committed within four months preceding the filing of the petition: First. That the company had permitted to be concealed or removed a part of its property with intent to hinder, delay, or defraud its creditors. Section 3a (1). Second. That it had permitted a receiver of its property to be appointed by a state court because of insolvency. Section 3a (4). The District Court appointed a receiver.

December 3, 1914, a creditor, the Southern Cotton Oil Company filed an answer, denying the commission by the Bohl Company of the acts of bankruptcy charged and denying its insolvency. December 11, 1914, the issue was referred to a special master to take testimony and report.

July 29, 1914, upon the petition of one Bohl, president and director and the largest stockholder of the Valentine Bohl Company, the superior court of Connecticut appointed a temporary receiver, and October 2, 1914, made the receivership permanent. The special master reported that on the above dates the assets of the company at a fair valuation were worth $159,314, and that its debts were $192,635.15, so that it was insolvent under section 1a (15), and that it had committed both acts of bankruptcy charged in the petition.

February 3, 1915, upon exceptions filed to the report by the Cotton Oil Company, and upon the petitioning creditors' motion to confirm, the District Judge confirmed the report, from which order the Cotton Oil Company appeals, under section 25a (1) of the Bankruptcy Act (Comp. St. 1913, § 9609).

Section 3a (1) and (4) of the Bankruptcy Act provides:

"Sec. 3a. Acts of bankruptcy by a person shall consist of his having (1) conveyed, transferred, concealed, or removed, * * * any part of his property with intent to hinder, delay, or defraud his creditors, or any of them; * * * (4) made a general assignment for the benefit of his creditors, or, being insolvent, applied for a receiver or trustee for his property or because of insolvency a receiver or trustee has been put in charge of his property under the laws of a state, of a territory, or of the United States."

Section 26, c. 194, Laws 1903 of Connecticut reads:

"Whenever any corporation having a capital stock has willfully violated its charter or exceeded its powers, or whenever there has been any fraud, collusion, or gross mismanagement in the conduct or control of such corporation, or whenever its assets are in danger of waste through attachment, litigation, or otherwise, or such corporation has abandoned its business and has neglected to wind up its affairs and to distribute its assets within a reasonable time, or whenever its stockholders or directors have voted to discontinue its business, or whenever any good and sufficient reason exists for the dissolution of such corporation, any stockholder or stockholders owning not less than one-tenth of its capital stock or, in the case of a corporation not

having capital stock, any member of such corporation may apply to the superior court in the county wherein such corporation is located, for the dissolution of such corporation and the appointment of a receiver to wind up its affairs. Such court may, if it finds that sufficient cause exists, appoint one or more receivers to wind up the business of such corporation, and may at any time, for sufficient cause shown, make a decree dissolving such corporation and terminating its corporate existence. Whenever such decree of dissolution is passed, it shall be the duty of the receiver or receivers to cause a certified copy thereof to be filed in the office of the secretary of the state, and said secretary shall thereupon record such certified copy in a book kept by him for that purpose. Such court, in every case in which it appoints a receiver, shall by its order limit a time, which shall not be less than four months from the date of such order, within which all claims against such corporation shall be presented, and all claims not presented within such time shall be forever barred. When such receivership shall be terminated by the court, the receiver or receivers shall file with the secretary of the state a certificate similar to the final certificate required of directors in section 34 of this act, and said secretary shall thereupon record such certificate in a book kept by him for that purpose."

The material part of the petition for a receiver in the state court is as follows:

"The Valentine Bohl Company is a joint-stock corporation duly organized under the laws of this state for the sale of beef and provisions, and for furnishing cold storage, and for other purposes as stated in its articles of association, and is located in said Waterbury, and has a capital stock of $150,000, divided into 1,500 shares of the par value of $100 each, of which capital stock only 1,100 shares have been issued and are now outstanding.

"(2) The plaintiff is the owner of 838 shares of said 1,100 shares and is one of the directors and president of said corporation.

"(3) The plaintiff has been for many years a director and the president of said corporation, and has been and still is the general manager of the same.

"(4) Said corporation has now no money available for its use, and cannot borrow any money, and for a long time has been, and still is, embarrassed by the lack of money to carry on its business, and it is now impossible to carry on said business on account of the lack of money. Said corporation owes a large amount of debts, which it is unable to pay, and checks have been issued which it cannot meet, and certain checks issued by it have been protested, and by reason of said unpaid debts and its inability to carry on its business its assets are in danger of waste through attachment and litigation. There is no prospect of its condition improving, and said corporation ought to be dissolved.

"(5) All the directors of said corporation are the plaintiff and John Sachsenhauser and Martin J. Carroll, all of said Waterbury.

"The plaintiff claims:

"(1) That a receiver be appointed to wind up the affairs of said company as by statute provided.

"(2) That said corporation be dissolved."

[1, 2] We think there is no evidence whatever of the first act of bankruptcy charged, viz., concealing or removing property with intent to hinder, delay, or defraud creditors. The petition in the state court was not filed by the Bohl Company, but by an individual stockholder acting on his own behalf, who happened to be the president and a director and owner of a majority of the capital stock. The company filed no answer. It was perhaps intended to justify this charge by the form in which the second act of bankruptcy was charged, viz., that the company suffered and permitted the receiver to be appointed. But the statute describes no such act of bankruptcy. Its language is the appointment of a receiver under the laws of a state "because of

insolvency." In re Spalding, 139 Fed. 244, 71 C. C. A. 370. The language of the petition, though inartificial, may properly be held to cover such an act of bankruptcy.

[3] We think "because of insolvency" must mean insolvency as defined by Bankruptcy Act, § 1a (15). In re Golden Malt Co., 164 Fed. 326, 90 C. C. A. 258; In re Wm. S. Butler & Co., 207 Fed. 705, 125 C. C. A. 223. It is impossible to say that the state court appointed the receiver baceuse of insolvency. The record of the court, so far as it is before us, indicates that, if appointed for insolvency at all, it was insolvency in the ordinary sense of inability to meet current obligations. This is sufficient to dispose of the case. However, we may add that the proofs seem to us to show that the company was not insolvent within the meaning of the Bankruptcy Act. The Watertown National Bank held a note for $42,000, made by Valentine Bohl and indorsed by the company. The money for which it was given was used to purchase stock of the Valentine Bohl Company for Bohl, who was the owner of it. The law did not permit the company to buy its own stock. If to the assets as found by the master be added Bohl's liability as maker to the company as indorser of the note for $42,000 held by the Watertown National Bank and included in its liabilities, and if $7,000 for taxes and insurance erroneously included twice be deducted from the liabilities as found by him, the account will read:

Assets .................................................$159,314 + $42,000 = $201,314
Liabilities ...................................... 192,635 – 7,000 = 185,635

Surplus ...............................................$ 15,679

Or if the claim of the company as indorser against Bohl for $42,-000 be not included in the assets, and there be included in the company's liabilities only the balance of the $42,000 after deducting $24,-657, which the company owes him, the account will be:

Liabilities ...................................$185,635 – $24,657 = $160,978
Assets ........................................ 159,314

Deficiency ...............................................$ 1,664

—against which is to be placed the company's claim against Bohl for the balance of the $42,000, viz., $17,343. Counsel for petitioning creditors, upon whom lay the burden of proving insolvency, objected to Bohl's testifying before the special master as to his financial condition, and he refused to do so. Under the circumstances, we are not satisfied that the company was insolvent.

The order of adjudication is reversed, and the court below directed to dismiss the petition.