GREENWOOD GUM CO. v. ZIMMERMAN et al.

(Circuit Court of Appeals, Sixth Circuit. April 4, 1917.)

No. 2923.

1. BANKRUPTCY ☞91(2)—INVOLUNTARY PROCEEDINGS—EVIDENCE—APPOINT-
MENT OF RECEIVER.

Where the record of a state court in a suit for the appointment of a receiver of a corporation showed that the appointment was made because the corporation was insolvent, both within the definition of insolvency in the Bankruptcy Act (Act July 1, 1898, c. 541, 30 Stat. 544) and under the state law, creditors filing a petition for involuntary bankruptcy against the corporation need not prove its insolvency and the appointment of the receiver for that reason, except by the record of the proceedings in the state court.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 138.]

2. CORPORATIONS ☞559(2)—APPOINTMENT OF RECEIVER—COLLATERAL ATTACK.

A corporation, for whom a receiver was appointed by the state court because it was insolvent, cannot, in involuntary bankruptcy proceedings against it, collaterally attack the judgment of the state court by evidence that it was not insolvent, and that its president had consented to the receiver's appointment without authority from the corporation; there having been no pleadings directly attacking the judgment of the state court.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2241, 2242.]

Appeal from the District Court of the United States for the Eastern Division of the Northern District of Ohio; John H. Clarke, Judge.

Petition for involuntary bankruptcy by W. W. Zimmerman and others against the Greenwood Gum Company. From a decree adjudging the company to be bankrupt, it appeals. Affirmed.

W. R. Stewart, of Youngstown, Ohio, for appellant.
W. C. McKain, of Youngstown, Ohio, for appellees.

Before KNAPPEN and DENISON, Circuit Judges, and EVANS, District Judge.

EVANS, District Judge. In July, 1915, De Wayne Greenwood, Jr., a creditor, filed in the court of common pleas of Trumbull county, Ohio, a petition against the Greenwood Gum Company (which we shall call the company), in which he stated in some detail the names of the creditors of the company, the amount due to them, and also the nature and amount of the company's property and business. The petition, also showed that the income of the company was not sufficient to pay its running expenses; that its assets of every kind were then insufficient to pay off and discharge its liabilities; that it was insolvent, and had not sufficient property to pay its debts, and thereupon prayed the appointment of a receiver for the company. Besides, the defendant in its answer to that petition, which was sworn to by the company's attorney, stated that the company was a corporation duly organized under the laws of the state of Ohio, admitted that it was largely in-

debted to various persons, was without funds to pay salaries, and was "without sufficient funds or working capital to carry on the business to make and earn sufficient money to meet and pay off its obligations which will fall due in the future, and that defendant is insolvent by reason of the conditions above mentioned." There was no denial in terms of the allegations of the petition that defendant's assets and property were insufficient to pay its debts.

Upon this showing the court of common pleas of Trumbull county, Ohio, on July 26, 1915, put on record an entry and judgment in part as follows:

"This cause coming on to be heard upon the petition and the motion of the plaintiff herein for the appointment of a receiver, and it appearing to the court that the allegations of the petition are true, and that the defendant * * * is unable to meet its obligations which have matured, and which are about to mature, and that said company is insolvent, * * * the court grants said motion, and by the consent of parties hereto appoints De Wayne Greenwood, Sr., of Girard, Ohio, receiver herein."

The entry then empowered and directed the receiver to take possession of all the company's property. On October 15, 1915, W. W. Zimmerman and other creditors of the company began this proceeding in the court below by filing a petition, in which, after alleging that on the 26th of July, 1915, a "receiver was appointed by the common pleas court of Trumbull county, Ohio, and put in charge of the property of said Greenwood Gum Company on the ground that said company was insolvent," it prayed, upon that act of bankruptcy, that the company might be adjudged a bankrupt. To this petition the company, on November 4, 1915, filed its answer, in which, among other things, it stated:

That "it admits a receiver was appointed by the common pleas court of Trumbull County, Ohio, at about the time mentioned in said petition, and that said receiver was put in charge of the property of said the Greenwood Gum Company on the grounds alleged in the petition."

An issue was made by the answer as to whether the requisite number of creditors with the requisite amount of indebtedness had been joined in the petition for the adjudication, and upon this issue an order was made by the court below referring the case to a special master to take testimony, find the facts and the law, and report the same and the testimony to the court. Afterwards the Sethness Company and other creditors of the company, with debts aggregating over $200, filed an intervening petition and joined in the prayer for the adjudication of the company as a bankrupt. In an answer to the intervening petition, the company, for the first time, denied that it was insolvent, or that it had committed the act of bankruptcy alleged against it. The special master took the testimony, reported that the act of bankruptcy had been committed, and recommended an adjudication accordingly.

During the proceedings before the special master the company again appeared by its attorney and offered testimony to show, first, that it was not insolvent at the time of the finding of insolvency made by the court of common pleas of Trumbull county, Ohio; second, that the proceedings by which a receiver was appointed and the finding of

insolvency made by that court were without the knowledge or authority of the board of directors of the company; third, that in fact all proceedings had with reference to the insolvency and the appointment of a receiver for the company were had against the wishes and instructions of the board of directors and those having charge and authority of such matters; fourth, that at all times since the company has been in existence it had been solvent, and at no time, by a fair valuation, had its liabilities exceeded its assets, and at the time of the appointment of said receiver and the finding of insolvency by the court of common pleas of Trumbull county, Ohio, the company was not insolvent under the laws of the state of Ohio, nor under the Bankruptcy Act of the United States; and, fifth, that at the time the proceedings were commenced in the court of common pleas of Trumbull county, Ohio, the then president of the company had received specific instructions from the board of directors of the company as to the course he should pursue in managing the affairs of the company, but that the president, instead of following and adopting the instructions of the board of directors, proceeded without advising said board of directors of his intentions to have himself appointed receiver of said company.

The special master excluded all the testimony thus proffered. Exceptions to the special master's report were filed, but, after consideration, the court overruled them, confirmed the report, and adjudged the company to be bankrupt. From this judgment the company has appealed.

Eight assignments of error were filed, but counsel for the appellant in his brief reduced the discussion to two questions which he stated as follows:

"First. Were the petitioning creditors required to prove the company insolvent?

"Second. Does the mere fact that a receiver was appointed by said state court, upon the ground of insolvency, once and for all conclude the bankrupt, so that the subject cannot be further litigated, even though the proceedings had in the state court were instituted by the president of the company who was unauthorized and entirely without authority to do so?"

[1] To the questions thus presented, one answer may suffice, and it must turn upon the construction to be given the provisions of section 3, clause a (4) of the Bankruptcy Act (Comp. St. 1913, § 9587), which defines three distinct acts of bankruptcy, namely: First, the making of a general assignment for the benefit of creditors; second, that a debtor, being insolvent, has applied for a receiver or trustee for his property; and, third, that because of insolvency a receiver or trustee has been put in charge of a debtor's property under the laws of a state or of a territory or of the United States. These acts of bankruptcy are independent of each other. The clause which makes "a general assignment for the benefit of his creditors" an act of bankruptcy on the part of the debtor has been considered in many cases. Bryan v. Bernheimer, 181 U. S. 188, 193, 21 Sup. Ct. 557, 45 L. Ed. 814, West Co. v. Lea, 174 U. S. 590, 599, 19 Sup. Ct. 836, 43 L. Ed. 1098, and Hill v. Western Electric Co., 214 Fed. 245, 246, 247, 130 C. C.

A. 613, are some of them; but, though cited in argument, they throw only an indirect light upon the questions under consideration.

That clause, which makes it an act of bankruptcy that "a debtor being insolvent has applied for a receiver or trustee for his property," has also frequently been before the courts, and counsel for appellant has cited the case of James Supply Co. v. Dayton Coal Co., 223 Fed. 991, 139 C. C. A. 367. There a petition in bankruptcy was filed in the District Court for the Eastern District of Tennessee by certain individual creditors of the Dayton Coal Company, in which, in substance, it had been alleged that the coal company, being insolvent, had applied for and obtained a receiver for its property. This being denied, the issue was tried, and the court, holding, as a matter of law, that the application did not bring the case within the Bankruptcy Act, because it had been made by creditors and not by the debtor, dismissed the petition. There had been evidence tending to show that the creditors who had applied for the receiver had done so at the instance of the debtor and for its benefit, and this court, regarding that as presenting the pivotal question, held that the court below should have heard the testimony as to whether the coal company had, in fact, procured the application for a receiver to be made, for the reason that, if the receiver had been appointed at the instance of the debtor and for its benefit, it was as effectually an act of bankruptcy as if the receiver had been applied for in the creditor's own name. But this case, like those previously cited, throws only an indirect light upon the question now in contest.

That clause of section 3a (4) which makes it an act of bankruptcy that because of the insolvency of a debtor a receiver or trustee has been put in charge of his property under the laws of a state or territory or of the United States has also been frequently subjected to judicial consideration. The authorities do not agree upon the question whether the meaning of the term "insolvency" as used in defining this act of bankruptcy shall in all cases be that prescribed by section 1, clause 15, of the act (Comp. St. 1913, § 9585), namely, that "a person shall be deemed insolvent within the provisions of this act whenever the aggregate of his property, exclusive of any property which he may have conveyed, transferred, concealed, or removed, or permitted to be concealed or removed, with intent to defraud, hinder or delay his creditors, shall not, at a fair valuation, be sufficient in amount to pay his debts," or whether, as used in section 3a (4), that term may be adjudicated according to local laws in all cases where applications for the appointment of receivers are made to the courts of states or territories under their respective laws.

We do not find it necessary to go into that question, because the record in the suit for the appointment of a receiver filed in the common pleas court of Trumbull county, Ohio, sufficiently shows that the company was insolvent, whether the meaning of that term be tested by the law of the state of Ohio or by the definition of the term in the Bankruptcy Act. The petition in that case, as we have seen, expressly alleged that the company was insolvent, that it had not sufficient property to pay its debts, and that its assets of every kind and

description were insufficient to pay off and discharge its debts, liabilities, and obligations. The order of appointment does not show that hearing was had only on petition and answer. It in terms finds the allegations of the petition to be true and that the company is insolvent, and so appointed a receiver and put him in charge of the company's property. It thus appears of record that "because of insolvency a receiver * * * has been put in charge" of the debtors' property "under the laws of a state." The case is thus brought directly within the letter of section 3a (4) of the Bankruptcy Act. The fact that the order also recites conditions consistent with an insolvency in the sense only of inability to pay debts as they mature in the regular course of business does not alter the situation, for there is, as has been said, an express finding that the allegations of the petition (which asserted insolvency in the bankruptcy sense) are true, as well as an express finding of insolvency in general terms; and we think the other provisions of and recitals in the order fail to negative a finding of a condition of insolvency as defined in the Bankruptcy Act and as elsewhere sufficiently determined in the order. It is enough that insolvency was one of the grounds, although not the only ground, for the receivership. In re Spalding, 139 Fed. 244, 247, 71 C. C. A. 370; Hooks v. Aldridge, 145 Fed. 865, 868, 76 C. C. A. 409; Beatty v. Andersen Co., 150 Fed. 293, 296, 80 C. C. A. 181; In re Kennedy Tailoring Co. (D. C.) 175 Fed. 871. The case is thus distinguishable from Maplecroft Mills v. Childs, 226 Fed. 415, 418, 141 C. C. A. 245, In re Bohl, 224 Fed. 685, 140 C. C. A. 225, and In re Golden Malt Cream Co., 164 Fed. 326, 90 C. C. A. 258.

[2] It results, first, that the petitioning creditors in this proceeding were not required to prove otherwise than by the record and judgment of the court of common pleas of Trumbull county that the company was insolvent, and that because of that insolvency its property had been put in charge of the receiver appointed by that court under the laws of Ohio. Second, there having been no pleading directly attacking the judgment of that court, evidence in support of the collateral attack attempted to be made upon it in this case was not competent.

The judgment of the court below, adjudicating the company a bankrupt, was right, and it is affirmed, with costs.