### In re RUSSELL et al.

(District Court, D. Delaware.    June 17, 1926.)

No. 549.

1. Bankruptcy ⬤➾60—Solvency when petition is filed is no defense, when act of bankruptcy alleged is appointment of receiver because of insolvency (Bankruptcy Act, § 3a [4], being Comp. St. § 9587).

When the act of bankruptcy under Bankruptcy Act, § 3a (4), being Comp. St. § 9587, alleged against respondent, is that because of insolvency a receiver has been put in charge of his property under the laws of the state, it is not a defense that he was solvent when the petition in bankruptcy was filed.

2. Bankruptcy ⬤➾60—Appointment of receiver is act of bankruptcy, if insolvency was one of the grounds for the appointment (Bankruptcy Act, § 3a [4], being Comp. St. § 9587).

If insolvency, either as a distinct ground or as coupled with others, was a substantial reason for appointment of a receiver, the appointment was an act of bankruptcy, under Bankruptcy Act, § 3a (4), being Comp. St. § 9587.

3. Bankruptcy ⬤➾60—Appointment of receiver for partnership held act of bankruptcy.

An allegation, in the bill on which a receiver was appointed for a partnership, that the partners were "wholly and totally insolvent," was an allegation of insolvency in its most comprehensive sense of both partnership and partners, and where the answer admitted the allegation the appointment constituted an act of bankruptcy.

In Bankruptcy. In the matter of William Thomas Russell and John Davis Merrill, individually and as partners trading as the Diamond State Products Company, alleged bankrupts. Order of adjudication.

See, also, 7 F.(2d) 508.

George W. Lilly, of Wilmington, Del., for petitioning creditors.

Ayres J. Stockley, of Wilmington, Del., for bankrupt Merrill.

MORRIS, District Judge. In this involuntary petition in bankruptcy, filed against William Thomas Russell and John Davis Merrill, praying that they, as individuals and as copartners trading under the name of Diamond State Products Company, be adjudged bankrupts, the acts of bankruptcy alleged are two. The first is that, the copartners and the partnership being insolvent, Russell, one of the partners, applied to the Court of Chancery of the state of Delaware for a receiver for the copartnership property, and that subsequently Merrill, the remaining partner and the defendant in that cause, by stipulation filed therein, consented to the appointment of a receiver and manager under section 2895 of the Revised Code of Delaware. The second is that, because of insolvency, a receiver was put in charge of the partnership property under the laws of Maryland by a court of that state. To the petition in bankruptcy Russell filed no answer. Merrill, individually and as one of the copartners, by his answer admits the filing of the bill of complaint in the Court of Chancery of the state of Delaware, praying the appointment of a receiver for the partnership; admits the appointment of a receiver in Maryland "on the ground of insolvency of the said partnership, in the sense that the said partnership was unable to meet current obligations"; but asserts that at the time of the filing of the petition in bankruptcy the assets in the hands of the receivers were more than sufficient to pay all the liabilities of the partnership, and that the copartners, also, were then solvent.

[1] To the acts of bankruptcy alleged, solvency of the alleged bankrupts at the time of the filing of the petition in bankruptcy is not a defense. In re J. W. Ward Farming Co. (C. C. A. 5) 295 F. 60, 62; In re Crystal Ice & Fuel Co. (D. C.) 283 F. 1007, 1010; Acme Food Co. v. Meier (C. C. A. 6) 153 F. 74, 77, 82 C. C. A. 208; West v. Lea, 174 U. S. 590, 19 S. Ct. 836, 43 L. Ed. 1098.

With respect to the first alleged act of bankruptcy, I think that the application of Russell for a receiver and the consent thereto of Merrill constituted an application for a receiver, within the meaning of section 3a

(4) of the Bankruptcy Act (Comp. St. § 9587). To the issues touching that act of bankruptcy, neither the grounds of the application nor the granting or nongranting thereof is here material or pertinent. Missouri Valley Cattle Loan Co. v. Alexander (C. C. A. 8) 276 F. 266. Consequently the allegation in the answer of Merrill to the petition in bankruptcy that the appointment of the Delaware receiver was not made on the ground of insolvency is an immaterial averment.

Furthermore, as there is no denial of the alleged insolvency of the copartners and the partnership at the time the receiver was applied for, this averment, by reason of equity rule 30, might be deemed confessed, and the adjudication prayed for granted, upon the ground that the first act of bankruptcy alleged had been established by confession. Yet, as equity rule 30 gives to the court power to permit an answer to be amended, and as it is apparent that it was Merrill's purpose to deny that the first alleged act of bankruptcy had been committed, notwithstanding he technically failed to do so, I think there should be no finding that the first alleged act of bankruptcy was committed, unless it is first found from the evidence that insolvency did in fact exist at the time of the filing of the application for the appointment of the Delaware receiver. By reason of the view hereinafter expressed with respect to the establishment by the petitioning creditors of the second alleged act of bankruptcy, it becomes unnecessary, I think, to determine this issue of solvency.

[2] With respect to the second alleged act of bankruptcy, the question is whether a receiver was put in charge of the property "because of insolvency." Though by his answer to the petition in bankruptcy Merrill admitted the appointment of the Maryland receiver on the ground of insolvency in the sense hereinbefore set out, yet at the trial he took the position that the Maryland receiver was not put in charge of the partnership property "because of insolvency." This position was put upon two grounds, the first of which is that insolvency was not the sole ground, and the second is that the insolvency alleged in the Maryland bill was not bankruptcy insolvency, but insolvency only in the sense that the partnership was unable to pay its debts as they became due in the usual and ordinary course of business. The first of these contentions was decided in a similar case adversely to the respondent here by the

Court of Appeals for the First Circuit in Beatty v. Andersen Coal Mining Co., 150 F. 293, 80 C. C. A. 181, where it was said: "If insolvency, either as a distinct ground of proceeding or as coupled with others, was one of the substantial reasons for the appointment of the receiver, the case would come within the reasonable construction of the statute."

[3] The second contention must likewise be resolved against the respondent. The allegation of the Maryland bill is that "the said John Davis Merrill and William Thomas Russell, partners trading as aforesaid, are wholly and totally insolvent and unable to specifically carry out and perform the conditions of the agreement between your orators and them." The answer of Merrill, filed in the Maryland litigation, expressly admitted the allegations of the bill. The agreement referred to was a contract for the sale of real estate by the partnership to the plaintiffs in that bill. The scope and effect of the words "wholly and totally insolvent" are neither narrowed nor otherwise restricted by the conjunctive clause following these words in the bill of complaint. On the contrary, as a mere inability to pay current obligations as they become due in the usual course of business would in no wise affect the carrying out of a contract for the conveyance of real estate, it would seem that the addition of these words eliminates any possibility that the word "insolvent" as there used was used in any sense other than as defined in the Bankruptcy Act. Moreover, "wholly and totally insolvent," when used without qualifying words, as here, cannot be taken to mean less than insolvency in its most comprehensive sense.

As a partnership is not insolvent, if the assets of the copartners, individually, after the payment of their debts, are enough to make up and offset the partnership's excess of liabilities over assets (Vaccaro v. Security Bank (C. C. A. 6) 103 F. 436, 43 C. C. A. 279; Francis v. McNeal, 228 U. S. 695, 33 S. Ct. 701, 57 L. Ed. 1029, L. R. A. 1915E, 706), the allegation in the Maryland bill of complaint carried with it as an inevitable corollary that the partners were likewise severally insolvent.

The petitioning creditors having established the second alleged act of bankruptcy the respondents, William Thomas Russell and John Davis Merrill, individually and as copartners trading as Diamond State Products Company, must be adjudged bankrupts.